**In re CONEJO ENTERPRISES, INC., Debtor (Two Cases).**

**BENEDOR CORPORATION, Plaintiff–Appellee,**

v.

**CONEJO ENTERPRISES, INC., Defendant–Appellant,**

**and**

**Ronald L. Durkin, Chapter 11 Trustee, on behalf of Conejo Enterprises, Inc., Appellant.**

**BENEDOR CORPORATION, Plaintiff–Appellee,**

v.

**CONEJO ENTERPRISES, INC., Defendant,**

**and**

**Western Waste Industries, Appellant.**

Nos. 94–56702, 95–56705.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1995.

Decided Aug. 23, 1996.

Sara Pfrommer, Sheppard, Mullin, Richter & Hampton, Los Angeles, California, for appellant Western Waste Industries.

Thomas C. Given, Murphy, Weir & Butler, Los Angeles, California, for appellant Ronald L. Durkin, Trustee.

Gerald M. Etchingham, Nordman, Cormany, Hair & Compton, Oxnard, California, for appellee.

Before FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Ronald L. Durkin, the trustee in bankruptcy, and Western Waste Industries, a creditor in bankruptcy (collectively "the appellants"), appeal the district court's order remanding a pre-petition state action brought by Benedor Corporation (Benedor) against the debtor in bankruptcy, Conejo Enterprises (Conejo), to state court and granting Benedor relief from the automatic stay.

## FACTS AND PROCEDURAL BACKGROUND

Conejo collects and disposes of waste. In May 1993, it allegedly entered into a contract with Benedor, obligating it to deliver its "green waste" to Benedor and to pay Benedor for disposal. When Conejo refused to deliver its "green waste" pursuant to the contract, Benedor filed suit against Conejo in a California state court alleging, *inter alia,* a state law breach of contract claim (referred to as the "state action"), and seeking $26,-000,000 in damages. One year later, in May 1994, Conejo filed for Chapter 11 bankruptcy and removed the Benedor state action to the bankruptcy court.

Prior to filing a proof of claim, Benedor requested that the bankruptcy court abstain from hearing its state action and moved for relief from the automatic stay so it could pursue the action in state court. The bankruptcy court denied the motions.

Benedor appealed the bankruptcy court's decision to the district court and requested an extension of the bar date for filing its proof of claim. The district court extended the bar date until September 26, 1994. On that date, the district court heard Benedor's appeal, and Benedor also filed its proof of claim.

On November 16, 1994, the district court reversed the bankruptcy court's decision.[1] It held that Benedor's state action was a non-core proceeding subject to mandatory abstention under 28 U.S.C. § 1334(c)(2), and that, because mandatory abstention applied, there was cause for relief from the automatic stay. Thus, the district court held that the bankruptcy court abused its discretion in denying relief from the automatic stay. The district court remanded the case to the bankruptcy court with instructions to remand Benedor's state action to state court. The appellants timely appeal the district court's decision.

## DISCUSSION

■ On December 6, 1995, we filed an opinion in this case in which we held the district court had erred in holding that the bankruptcy court was required to abstain from hearing Benedor's state law claim. The day before our opinion was filed, the Supreme Court issued its opinion in *Things Remembered, Inc. v. Petrarca,* —— U.S. ——, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). That opinion caused us to take another look at our analysis of this case.

Our review led to withdrawal of the opinion, but not before it was published at 71 F.3d 1460. It is appropriate to pause here to explain our error, not only because the opinion has now been published, but because we should be as free to discuss our own errors as we are to discuss perceived errors by the district court.

In our published opinion, we held that Benedor's filing of the claim in bankruptcy rendered the state law action a core proceeding. In doing so, we were in error.

While there can be no serious dispute that claims filed in bankruptcy are within the bankruptcy court's core jurisdiction, the filing of a claim does not consolidate it with the pending state law case (into the claim) even though they are based on the same transaction. Both continue to exist, and must be considered, separately. In this substitute

---

1. The district court's opinion is published at *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.),* 174 B.R. 814 (Bankr.C.D.Cal. 1994).

opinion, we do just that, with appropriate apologies to the district court and the parties.

The district court held that the state action was not a core proceeding and that mandatory abstention applied. The district court therefore remanded the state action to the bankruptcy court with directions to remand the action to the state court from which it had been removed.

The district court also held that the bankruptcy court abused its discretion in denying relief from the automatic stay. The district court stated that "[s]ince abstention is appropriate, cause clearly exists for granting relief from the automatic stay." The district court therefore ordered that the automatic stay be lifted.

There are thus two orders by the district court which are before this court-the order remanding the state action to state court and the order that the automatic stay be lifted. We will address each order separately.

## A. Remand Order

■ In *Things Remembered,* the Supreme Court held that an appellate court does not have jurisdiction to review a district court's order remanding a case to state court. The Court stated: "Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Id.* at ——, 116 S.Ct. at 496.

> As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction-the grounds for remand recognized by § 1447(c)-a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).[2]

*Id.* at ——, 116 S.Ct. at 497 (footnote added).

The Court noted that the district court's order remanded the case to the state court from which it came and the remand was based on grounds of untimely removal, "precisely the type of defect contemplated by § 1447(c). Section 1447(d) thus compels the conclusion that the District Court's order is 'not reviewable on appeal or otherwise.'" *Id.* (footnote omitted).

The Court emphasized that it would reach the same conclusion "regardless of whether removal was effected pursuant to § 1441(a) or § 1452(a). Section 1447(d) applies not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases removed under *any other statutes,* as well." *Id.* (quoting *United States v. Rice,* 327 U.S. 742, 752, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946)) (emphasis added in *Things Remembered* ). Thus, "[i]f an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a)." *Id.*

In a concurrence, Justice Ginsburg, joined by Justice Stevens, stated: "Section 1334(c)(2) renders unreviewable district court decisions 'to abstain· or not to abstain' from adjudicating state law claims merely 'related to' a bankruptcy case, *i.e.,* claims that do not independently qualify for federal-court jurisdiction." *Id.* at —— n. 1, 116 S.Ct. at 499 n. 1 (Ginsburg, J., concurring).

In the present case, the state action was removed from the state court pursuant to § 1452(a). The district court remanded the case to the bankruptcy court with directions to remand the case to the state court from which it was removed on the basis that the bankruptcy court lacked jurisdiction under § 1334(c)(2).[3] Under *Things Remembered,*

---

2. Title 28 U.S.C. § 1447(d) provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 [civil rights cases] of this title shall be reviewable by appeal or otherwise.

3. At the time that Conejo filed its petition for bankruptcy, 28 U.S.C. § 1334(c)(2) provided:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11, with respect to which an action could not have been commenced in a court of the United States absent

this remand order based on lack of jurisdiction is not reviewable on appeal. *Id.* at ——, 116 S.Ct. at 497. *See also, Id.* at —— n. 1, 116 S.Ct. at 499 n. 1 (Ginsburg, J., concurring); *Anusbigian v. Trugreen/Chemlawn, Inc.,* 72 F.3d 1253, 1256 (6th Cir.1996) ("If a district court determines, rightly or wrongly, that it lacks subject matter jurisdiction over a removed case, and for that reason remands it to the court from which it was removed, the court of appeals lacks jurisdiction to review the district court's decision.") We therefore hold that we lack jurisdiction to review the district court's remand order.

## B. Lift of Automatic Stay

### 1. Jurisdiction and Standard of Review

■ The decision of a bankruptcy court granting or denying relief from an automatic stay under section 362(d) is a final decision reviewable by this court. *In re American Mariner Industries, Inc.,* 734 F.2d 426, 429 (9th Cir.1984).

■ "We review the district court's decision on an appeal from a bankruptcy court *de novo.*" *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir.1990). The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court, and we review such decision under the abuse of discretion standard. *In re Arnold,* 806 F.2d 937, 938 (9th

Cir.1986); *In re MacDonald,* 755 F.2d 715, 716 (9th Cir.1985). Decisions committed to the bankruptcy court's discretion will be reversed only if "based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." *In re Windmill Farms, Inc.,* 841 F.2d 1467, 1472 (9th Cir.1988) (quotations omitted).

### 2. Discussion

■ Under 11 U.S.C. § 362(a), "[a] bankruptcy filing imposes an automatic stay of all litigation against the debtor," *In re Tucson,* 912 F.2d at 1166 (citing 11 U.S.C. § 362(a)), except in those cases specifically enumerated in § 362(b).[4]

■ The purpose of § 362(a)'s automatic stay is to protect both the debtor and his creditors.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5840–41.

---

jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. *Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. . . .* (Emphasis added.)

Congress has since amended 28 U.S.C. § 1334 by removing the "any decision to abstain" portion from § 1334(c)(2) and adding it to § 1334(d). Section 1334(d) currently provides: Any decision to abstain or not to abstain made under this subsection (*other than a decision not to abstain in a proceeding described in subsection (c)(2)*) is not reviewable by appeal or otherwise by the court of appeals. . . . (Emphasis added.)

4. Section 362(b)'s exceptions to the automatic stay provision include: (1) the commencement or continuation of a criminal action or proceeding against the debtor; (2) the collection of alimony, maintenance, or support from property that is not property of the bankruptcy estate; (3) certain actions to perfect an interest in property; (4) the commencement or continuation of an action by a governmental unit to enforce such governmental unit's police or regulatory power; (5) the enforcement of a judgment, other than a money judgment, obtained in a proceeding by a governmental unit to enforce the governmental unit's police or regulatory power; (6) certain setoffs by commodity brokers, forward contract merchants, stockbrokers, financial institutions, or securities clearing agencies; (7) certain setoffs by a repo participant; (8) the commencement of any action by the Secretary of Housing and Urban Development to foreclose certain mortgages or deeds or trust; (9) the issuance of a notice of tax deficiency to a debtor by a governmental unit; (10) certain actions by a lessor against the debtor under a nonresidential lease for real property; and (11) the presentment of a negotiable instrument and giving of notice of and protesting dishonor of the instrument.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in part in* 1978 U.S.Code Cong. & Admin.News 5787, 6297.

■ Upon a showing of "cause," a bankruptcy court "shall grant relief from the [automatic] stay." 11 U.S.C. § 362(d). " 'Cause' has no clear definition and is determined on a case-by-case basis." *In re Tucson*, 912 F.2d at 1166.

■ The district court held that because Benedor's state action was subject to mandatory abstention, there was cause to grant Benedor relief from the automatic stay and the bankruptcy court's refusal to lift the stay was an abuse of discretion. We disagree with the district court and vacate the district court's order lifting the automatic stay.

■ First, a finding that mandatory abstention applies to the underlying state action does not preclude denial of relief from § 362's automatic stay. *See* 28 U.S.C. § 1334(c)(2) (1986) and 28 U.S.C. § 1334(d) (1994) ("This subsection shall not be construed to limit applicability of the stay provided for by [11 U.S.C. § 362], as such section applies to an action affecting the property of the estate in bankruptcy."); *see also Pursifull v. Eakin*, 814 F.2d 1501, 1505 (10th Cir.1987) (district court decision to abstain under 28 U.S.C. § 1334(c) does not moot review of the propriety of a bankruptcy court's decision to grant relief from the automatic stay); *In re Micro Design, Inc.*, 120 B.R. 363, 369 (E.D.Pa.1990) (following decision to abstain, court denied relief from automatic stay to continue creditor's action because granting relief from the stay would undermine the bankruptcy process). Thus, the district court erred in holding that the bankruptcy court abused its discretion based only on the district court's finding that mandatory abstention applied.

Second, if Congress had intended pending state actions that are determined to be non-core proceedings to be exempt from the automatic stay, it would have explicitly so provided.

■ As pointed out previously, § 362(b) provides explicit exceptions to § 362(a)'s automatic stay. Pending state actions that are determined to be non-core proceedings are not listed among the explicit exemptions. Therefore, it is clear that Congress did not intend to provide an exception to the automatic stay for non-core pending state actions which are subject to mandatory abstention. In fact, Congress has made it clear that it intended just the opposite by providing that a decision to abstain under § 1334(c)(2) "shall not be construed to limit the applicability of the stay provided for by [§ 362]...." 28 U.S.C. § 1334(c)(2) (1986).

Third, the grounds articulated by the bankruptcy court for refusing to lift the stay were reasonable and supported by the record. The bankruptcy court's refusal to lift the stay was therefore not an abuse of discretion.

The bankruptcy court considered at least three different grounds on which to deny Benedor relief from the stay: (1) staying the state action gave the bankruptcy court and the other parties time to see whether Benedor would file a proof of claim before the upcoming claims bar date, or effectively waive its right to payment from the bankruptcy estate; (2) staying the state action promoted judicial economy by minimizing the duplication of litigation in two separate forums and promoting the efficient administration of the estate; and (3) staying the state action preserved a level playing field for negotiation of a consensual reorganization plan. All of these grounds for denying relief from the automatic stay are reasonable and supported by the record.

■ The inevitability of the decision to file or not file a proof of claim was appropriately considered by the bankruptcy court in

denying relief from the stay. As the bankruptcy court noted, if Benedor filed a proof of claim, the bankruptcy court would have core jurisdiction over the claim under 28 U.S.C. § 157(b)(2)(B), allowance or disallowance of claims.[5] If Benedor did not file a proof of claim, the state action claim would be discharged in bankruptcy. It would be absurd to allow the state action to go ahead and require the estate to spend money litigating a debt that might ultimately be uncollectable. Thus, the bankruptcy court's "wait and see" approach was both reasonable and appropriate.

Judicial economy and efficient administration of the estate were also properly considered by the bankruptcy court in denying relief from the stay. *See In re Robbins,* 964 F.2d 342, 345 (4th Cir.1992) (one of the factors that courts consider in deciding whether to lift the automatic stay is whether modifying the stay will promote judicial economy). By staying the state action, the bankruptcy court promoted judicial economy and efficiency by minimizing the duplication of litigation in two separate forums and preventing litigation of a claim that may have been discharged in bankruptcy proceedings.

The bankruptcy court's consideration of preserving a level playing field for negotiation of a consensual reorganization plan in denying relief from the stay was also proper. Benedor admitted to the bankruptcy judge that it was seeking relief from the stay to strengthen its position against Conejo and other creditors in negotiating a reorganization plan. The judge determined that this was highly inappropriate:

> Mr. O'Brien made a plea. If I wanted a consensual [plan] and a resolution of the case with everybody playing, that I should grant the motion. That sounds like, please grant the motion so we have a cudgel and we can [pound] them over the head and beat them into submission so they'll do what we want to do.
>
> Now, I want everyone on a level playing field but I'm not going to give one side or

the other a strategic advantage just for the sake of reaching a resolution of this matter for the Court's convenience; that strikes me as being the most inappropriate thing I could possibly do.

Given the policies favoring reorganization of debtors, the bankruptcy court's efforts to preserve a level playing field for all parties to negotiate a plan was a rational basis for denying relief from the automatic stay. *See In re Bonner Mall Partnership,* 2 F.3d 899, 915 (9th Cir.1993) (the two major objectives of Chapter 11 are to permit the successful rehabilitation of debtors and maximize the value of the estate), *motion to vacate denied and dismissed as moot,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

Because the bankruptcy court's denial of relief from the automatic stay was based on reasonable grounds supported by the record, the bankruptcy court did not abuse its discretion. The district court's order that the automatic stay be lifted was therefore erroneous.

Finally, the filing of a proof of claim by Benedor must also be considered in determining whether cause exists for lifting the automatic stay. In holding that the automatic stay must be lifted, the district court ignored the filing of the proof of claim, instead focusing on its finding that the state court action was not within the bankruptcy court's core jurisdiction. We hold that the district court erred in doing so.

The allowance and disallowance of claims against the estate is a core proceeding. 28 U.S.C. § 157(b)(2)(B). Once Benedor filed its proof of claim, it subjected its claim to the core jurisdiction of the bankruptcy court. It was within the sound discretion of the bankruptcy court to deny relief from the automatic stay. However, because the proof of claim was filed after the bankruptcy court rendered its decision not to lift the stay, the bankruptcy court has not had the opportunity to exercise its discretion in light of the filing of the claim. Therefore, this

---

5. The fact that the state action has been remanded to the state court does not affect the bankruptcy court's jurisdiction over the proof of claim filed by Benedor. Thus, the bankruptcy court's

determination that if Benedor did file a proof of claim it would have jurisdiction over that claim, was not an erroneous conclusion of law.

case must be remanded to the bankruptcy court for a determination of whether the stay should be lifted.

## CONCLUSION

■■■ In sum, we hold that we lack jurisdiction to review that portion of the district court's order remanding the state action to the state court. We also hold that the bankruptcy court did not abuse its discretion in denying Benedor relief from the automatic stay. However, because the bankruptcy court's decision was made prior to Benedor's filing its proof of claim, we remand this case to the district court with instructions to remand the case to the bankruptcy court for reconsideration of the motion for relief from the automatic stay in light of this opinion.[6]

DISMISSED in part, VACATED in part and REMANDED. No costs allowed.

FLETCHER, Circuit Judge, Partial Concurrence, Partial Dissent:

I concur in the majority opinion except for the part that deals with the lift of the automatic stay. I respectfully dissent from the majority's decision to require the district court to remand to the bankruptcy court to allow it to reconsider whether relief from the automatic stay should be granted. We should simply affirm the district court or, at most, remand to the district court to consider all relevant factors, including abstention, in determining whether the bankruptcy court abused its discretion.

The majority is correct that abstention and stay are discrete issues. However, since the decision of the district court to abstain is non-reviewable, the bankruptcy court's decision is now almost irrelevant. We should look to whether, in light of the decision to abstain, the district court abused its discretion in reversing the bankruptcy court's refusal to lift the stay.

Ordinarily, we review the decision of the district court *de novo* to determine whether it erred in its review of the bankruptcy court in determining whether the bankruptcy court abused its discretion. *In re Arnold,* 806 F.2d 937, 939 (9th Cir.1986); *See also In re Windmill Farms, Inc.,* 841 F.2d 1467, 1469 (9th Cir.1988) (same for our review of BAP's review of bankruptcy court).

Here, we review with "a twist". We must accept the decision of the district court to abstain as a given since it is non-reviewable by us. This factor was not considered by the bankruptcy court since it declined to abstain. We then should look to whether the district court, in light of the abstention, erred in reversing the bankruptcy court's denial of the motion to lift the stay.

The majority also makes much too much of Benedor's having filed a claim. The filing of a claim does *not* convert the state court action into a core proceeding and should not affect whether the stay should be lifted. The district court had it entirely right:

> Simply stated, the existence of a debt and the allowance or disallowance of a debt are separate issues. The determination of whether a debt exists involves a non-core proceeding and whether to allow or disallow the debt after determining a debt exists involves a core proceeding arising under title 11. In other words, the bankruptcy court has jurisdiction over the distribution of funds, but may not always have jurisdiction to adjudicate whether a claim for distribution of the funds exists.

District Court Memorandum Opinion of November 16, 1994, 174 B.R. 814, 820. *See In re Tucson Estates, Inc.,* 912 F.2d 1162, 1168 (9th Cir.1990). The majority notes in foot-

---

**6.** Because the state action has been remanded back to the state court, there is no need to reach the issue of whether Benedor has the right to a jury trial on its state law cause of action. As to the claim before the bankruptcy court, the law is clear that once Benedor filed its proof of claim, it subjected itself to the bankruptcy court's equitable power and waived any right to a jury trial for the resolution of disputes vital to the bankruptcy process of allowance and disallowance of the claims, including the power of the bankruptcy

court to inquire into the validity of the claim. *See Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 (1989); *Katchen v. Landy,* 382 U.S. 323, 329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966); *Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323, 1329 (2d Cir.1993); *In re Hooker Invs., Inc.,* 937 F.2d 833, 838 (2d Cir.1991).

note 6 that there may be an issue as to whether Benedor is entitled to a jury trial in state court on its state court claim. *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) would seem to eliminate doubt on that issue.

One senses in the majority opinion an undercurrent that individual creditors can be held hostage indefinitely for the greater good of the estate. Rehabilitation of debtors and maximization of estate assets are primary goals of the Bankruptcy Code, but there are limits. Individual creditors have rights too. When an automatic stay of a non-core proceeding becomes a virtual permanent stay, constitutional concerns emerge. *See Northern Pipeline Constr. Co.*

I suggest we cannot say that the district court erred in the exercise of its discretion. I would affirm the district court or, at most, remand for its further exercise of discretion.