In the Matter of GEC
INDUSTRIES, INC., Debtor.

GEC INDUSTRIES, INC., f/k/a Gates
Engineering Company, Inc., Plaintiff,

v.

NOMA INDUSTRIES, LTD., and Jack E. Brown, Trustee in Bankruptcy for Gentges Roofing and Sheet Metal, Inc., Defendants.

Bankruptcy No. 89–44.
Adv. No. 90–59.

United States Bankruptcy Court,
D. Delaware.

July 9, 1990.

---

See also, Bkrtcy., 107 B.R. 491.

Douglas J. Smillie, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for debtor.

Thomas H. Rost, Jefferson City, Mo., for Jack E. Brown, Trustee in Bankruptcy for Gentges Roofing & Sheet Metal, Inc.

Richard N. Bien, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, Mo., for Noma Industries, Ltd.

## BENCH DECISION/ORDER

HELEN S. BALICK, Bankruptcy Judge.

The cause for debtor's motion for a preliminary injunction and its underlying complaint is Noma and Brown's proceeding with discovery against RPM in the District Court for the Western District of Missouri. The discovery permitted by that Court's order is limited to the taking of two depositions of former Gates' employees, requests for production of documents and answers to interrogatories. One of the depositions was taken and is critical to a pending settlement as to Noma.

Gates contends that the action taken by Noma and Brown in the Western District of Missouri violated the provisions of 11 U.S.C. § 362(a) in that they were doing indirectly what they are prohibited from doing directly. The § 362(a) provisions are not available nor do they inure to the benefit of non-debtors. Consequently, there has been no violation of the automatic stay. However, the action taken in the Western District of Missouri requires the court to consider, in its discretion, whether a § 105 preliminary injunction should issue against Noma and Brown. Gates must show that it will be irreparably harmed if that discovery goes forward and a likelihood of success on the merits. The court must balance that harm with that caused Noma and Brown and keep the public interest in mind.

The nature of the discovery permitted by the District Court's limited order will harm debtor to the extent that it sees the need to participate in the remaining deposition and the costs entailed by counsel. Any participation shall not be a waiver of the stay provisions of § 362(a). On the other hand, inability to complete a proposed settlement of its claim with RPM, which would save harmless Gates, would be a greater harm to Noma and adversely affect the public interest.

There is no likelihood of success on the merits as to those issues of the complaint which flow from a violation of § 362(a). They are dismissed.

Here, we are dealing with a limited order on discovery. The question as to whether any further action should be enjoined is not before the court. Consequently, that matter will go to trial as scheduled.

For the reasons stated, the motion for preliminary injunction is DENIED. The remaining deposition may be rescheduled; the interrogatories and production requests answered.

IT IS SO ORDERED.