27 F.3d 48
 29 Fed.R.Serv.3d 80
 In re JOHNS-MANVILLE CORPORATION, Debtor.
Bernadine K. FINDLEY, as Executrix of the Estate of Hilliard
Findley, et al., Plaintiffs,
v.
Edythe LAUGHEAD, Executrix of the Estate of Joseph T.
Laughead, Deceased, et al., Appellants,
Manville Personal Injury Settlement Trust, Defendant-Appellee,
Donald M. Blinken, et al., Defendants,
Virginia Judgment Creditors, Creditor.
 No. 1688, Docket 94-5014.
 United States Court of Appeals,
Second Circuit.
 Argued April 7, 1994.
Decided June 17, 1994.
 
 Tybe A. Brett, Pittsburgh, PA (Robert L. Jennings, Jr., Mark C. Meyer, Goldberg, Persky, Jennings & White, on the brief), for appellants.
 James L. Stengel, New York City (Richard J. DeMarco, Laurie Strauch Dix, Donovan Leisure Newton & Irving, on the brief), for defendant-appellee.
 Before NEWMAN, Chief Judge, WALKER and LEVAL, Circuit Judges.
 JON O. NEWMAN, Chief Judge:
 
 
 1
 This is an appeal by a group of beneficiaries of the Manville Personal Injury Settlement Trust ("the Trust") from the February 1, 1994, order ("the Order") issued jointly by the District Courts of the Eastern and Southern District of New York (Jack B. Weinstein, Judge) and the Bankruptcy Court of the Southern District of New York (Burton R. Lifland, Judge) ("the Trial Courts"). The Order extended until May 1, 1994, a series of stays initially entered December 7, 1992. The Order and its predecessors have been entered in connection with litigation seeking to restructure the Trust. See Findley v. Blinken, 982 F.2d 721 (2d Cir.1992) (vacating settlement of class action to restructure Trust), modified, 993 F.3d 7 (2d Cir.1993). The Order stays all litigation and proceedings against the Trust and stays, with certain exceptions, all payments by the Trust to Trust beneficiaries. The stay of payments has been partially lifted with respect to certain Trust beneficiaries who accepted reduced payments. See 1,087 Virginia Asbestos Disease Judgment and Settlement Creditors v. Manville Personal Injury Settlement Trust (In re Joint Eastern and Southern District Asbestos Litigation), 14 F.3d 151 (2d Cir.1994). Some of the appellants in the pending appeal have withdrawn their appeals by accepting reduced payments.
 
 
 2
 Though there is a substantial question whether the appellants have raised in the Trial Courts the grounds of objection now asserted to the continuation of the litigation and payment stays, we are satisfied that, in any event, the objection to the Order is without merit. The authority of a district court to protect its jurisdiction is recognized by the All Writs Act, 28 U.S.C. Sec. 1651 (1988), and the use of such authority has been specifically approved in the context of the conduct of complex litigation. See In re Agent Orange Product Liability Litigation, 996 F.2d 1425, 1431 (2d Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1125, 127 L.Ed.2d 434 (1994); In re Baldwin-United Corp., 770 F.2d 328 (2d Cir.1985). Baldwin-United is especially instructive. We there upheld a district court's authority to issue an injunction prohibiting several states from initiating actions against defendants in the midst of complex federal court litigation as to which settlement negotiations were underway. We stated that "[i]n effect ... the district court had before it a class action proceeding so far advanced that it was the virtual equivalent of a res over which the district judge required full control." Id. at 337. In the pending case, there is the actuality of "a res" over which the district judge had "full control." Though we make no decision as to the ultimate authority of the Trial Courts to modify the rights of Trust beneficiaries by adjudication in the absence of settlement, we have no doubt of the Courts' authority to maintain the status quo and prevent both litigation against the Trust and payments by the Trust while the litigation is pending. Though the appellants will thereby experience delays in receiving payments, that is a consequence they are obliged to endure as members of a group of trust beneficiaries while the Trial Courts struggle with the effort to improve the financial viability of the Trust and treat all beneficiaries fairly.
 
 
 3
 We also reject the appellants' procedural objection that the Trial Courts have failed to make the findings required by Rule 65 of the Federal Rules of Civil Procedure. Baldwin-United makes clear that "[i]njunctions issued under the authority of the All-Writs Act stem from very different concerns than those motivating preliminary injunctions governed by Fed.R.Civ.P. 65." Id. at 338. Absence of the findings normally required by Rule 65 is "not a fatal defect." Id. We note, however, that in the event of a continuation of the stays, it would be appropriate for the Trial Courts to assess current data concerning the Trust's assets, cash flow, and current obligations so that an informed decision may be made concerning the need for and terms of any continuation of the stays that might be sought.
 
 
 4
 The Order of the Trial Courts is affirmed.