**In re Morton A. GOLDBERG, Debtor.**

**Bankruptcy No. 97–12898–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 22, 1998.

Geoffrey S. Aaronson, Miami, FL, for Debtor.

Stanford Solomon, Tampa, FL, Debtor's Special Counsel.

Zala L. Forizs, St. Petersburg, FL, for trustee R.Q. Richards, III.

## ORDER ON MOTION FOR RECONSIDERATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case which was commenced by Morton A. Goldberg (Debtor) on August 6, 1997. The Motion under consideration was filed by the Debtor on March 6, 1998 and seeks reconsideration of an Order entered by this Court on January 22, 1998. The Order granted a Motion filed by R.Q. Richards, III (Richards), as Trustee for the Lee–Buckingham Trust, seeking relief from the automatic stay in order to proceed with a lawsuit that Richards filed in the Circuit Court in Lee County, Florida (State Court Action). The Debtor and several others who are not debtors in any pending bankruptcy case are named as defendants in the State Court Action.

It is the contention of the Debtor that the Order granting stay relief was entered ex parte; that Debtor's counsel did not receive notice of the motion and hearing; and had no opportunity to defend against the Motion.

The Debtor contends that had he had an opportunity to oppose the Motion, based on the relevant facts the stay would not have been lifted. Moreover, it is contended that counsel for Richards, after having received the Order, presented the same to the Circuit Court Judge presiding over the State Court Action and misrepresented that the automatic stay had been lifted by this Court. The Circuit Court Judge, based on Richards' counsel's statements held that it is proper to proceed with the lawsuit.

In opposition, counsel for Richards contends that he did not give notice of his motion to counsel because at that time counsel was not an authorized attorney for the Debtor; and that he made no false or misleading representation to the Circuit Court. In addition, counsel for Richards points out that the ruling of the Circuit Court was based on the independent research of the Circuit Court Judge who concurred that the automatic stay does not protect non-debtors and that there was no impediment to proceeding with the lawsuit against the non-debtor defendants named in the lawsuit.

█ Concerning the substantive issue involved, Debtor's counsel contends that the automatic stay should be extended to protect the non-debtors because if Richards obtains a judgment against the non-debtor defendants, they will have a contractual right to be indemnified by the Debtor, citing *A.H. Robins v. Piccinin*, 788 F.2d 994 (4th Cir.1986) *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d. 177 (1986). In opposition, Richards' counsel contends that even if one accepts the proposition that the automatic stay can be extended to protect non-debtors, a proposition of questionable validity, this concept was used only in mass tort cases such as *A.H. Robins, supra; Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *In re Celotex*, 204 B.R. 586 (Bkrtcy. M.D.Fla.1996); *In re Hillsborough Holdings Corp.*, 203 B.R. 1000 (Bkrtcy.M.D.Fla.1996) and that the concept is inapplicable to this lawsuit. In the mass tort cases the non-debtor insiders were temporarily protected either because the action filed against them was covered by insurance and the insurance was property of the estate, or because it involved a supersedeas bond posted by the Debtor which was also determined to be

property of the estate. *See Celotex, supra.* Most importantly, in the mass tort cases, the liability asserted against the non-debtor insiders was only vicarious liability and, unlike in the present case, the non-debtor insiders were not charged as joint tortfeasors. In the State Court Action the claims in Counts II IV and V, are against only non-debtors based on their alleged torts independent from the charges made against the Debtor.

In the present instance, the Debtor never affirmatively sought protection from this Court. Instead he merely opposed the lifting of the automatic stay on the basis that the stay should be extended to protect the non-debtors. No provision in the Bankruptcy Code even remotely suggests a right to "extend the automatic stay" and no provision in the Federal Rules of Bankruptcy Procedure provides for extending the automatic stay under any of the operating chapters of the Bankruptcy Code.

It is true, however, that under appropriate circumstances this Court may grant injunctive relief to temporarily protect non-debtors pursuant to Section 105 of the Bankruptcy Code. Clearly, the procedure to obtain injunctive relief is by commencing an adversary proceeding and not by filing a motion. Fed.R.Bankr.Pro. 7001(7). Even disregarding the procedural defect of the relief sought, the injunctive relief which might be obtained under 11 U.S.C. § 105 is an extraordinary remedy and should only be used if it is essential to assist and aid the rehabilitation process of a debtor. Moreover, even if such relief is granted, it is temporary and will expire upon confirmation of the plan of reorganization. At that time, the non-debtors will no longer be protected unless a plan of reorganization contains a permanent injunction protecting non-debtors, a doubtful proposition in the present case.

If Richards obtains a judgment against the co-defendant non-debtors, the non-debtors' indemnity claim would be just another claim in this case and would be discharged if a plan is confirmed. The Debtor is currently incarcerated and will remain incarcerated for some years to come. The Plan of Reorganization has already been filed and as soon as the Disclosure Statement is approved, will be scheduled for confirmation.

In light of these facts, this Court is satisfied that even if the matter were presented for this Court's consideration in a proper procedural manner, the non-debtor co-defendants in the State Court Action would not be entitled to the protection of the automatic stay. This Court rejects the proposition that the automatic stay can be extended. Also, the non-debtor defendants have made no showing that they would be entitled to injunctive protection.

The precise matter under consideration is a Motion for Rehearing of the original Motion for Relief from Stay filed by Richards. Having heard argument of counsel for both parties, this Court is satisfied there is nothing presented to this Court which would warrant a finding that the automatic stay should not have been lifted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that upon reconsideration the previous Order lifting the automatic stay is reaffirmed and Richards is authorized to proceed against the non-debtor co-defendants named in the State Court Action.