**COVANTA ONONDAGA LIMITED, Plaintiff,**

v.

**ONONDAGA COUNTY RESOURCE RECOVERY AGENCY, Defendant**

No. 02–CV–0497.

United States District Court, N.D. New York.

Sept. 23, 2002.

Mackenzie Hughes, LLP, Syracuse, NY, Carter H. Strickland, of Counsel, Attorneys for Plaintiff.

Kilpatrick Stockton, LLP, Washington, DC, William J. Bulsiewicz, Sr., OCRRA Agency Counsel, North Syracuse, NY, Stanley M. Gorinson, Craig Bertschi, Jennifer W. Persico, Robert V. Pambianco, of Counsel, Attorneys for Plaintiff.

Martin, Martin & Woodard, LLP, Syracuse, NY, Lee E. Woodard, Wendy A. Kinsella, of Counsel, Attorneys for Defendant.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

On November 15, 1992, plaintiff Covanta Onondaga Limited Partnership ("Covanta") and defendant Onondaga County Resource Recovery Agency ("OCRRA"), entered into a Solid Waste Disposal Service Agreement ("Agreement"). The Agreement called for Covanta to post a bond as security for its obligations under the Agreement. The Agreement further provided that if the bond's credit rating fell below investment grade level, as determined by Standard & Poor's or Moody's both issue rating, Covanta would have thirty days from the reduction date to furnish credit enhancement. If this was not done within the specified time period, OCRRA could terminate the Agreement.

On January 16, 2002, Covanta's credit rating fell below investment grade level. On the same date OCRRA sent a letter to Covanta that it provide a credit enhancement within the thirty day time limit. When the enhancement was not forthcoming, in a letter dated February 20, 2002, OCRRA notified Covanta that it was exercising its right to terminate the Agreement as of that date, and pursuant to the Agreement, that a ninety day wind down period to permit Covanta to turn over its operations to OCRRA was then in effect.

On or about February 26, 2002, Covanta filed a civil lawsuit in the United States

District Court for the Northern District of New York. This action was withdrawn two days later, however, because diversity jurisdiction did not exist between the parties to the litigation.

On March 1, 2002, Covanta filed the instant lawsuit in the New York State Supreme Court for Onondaga County. An amended complaint was filed on March 15, 2002, alleging breach of contract, breach of the covenant against fair dealing and violation of the New York State open meeting law. The relief sought was monetary damages and declaratory judgment. On March 22, 2002, defendant OCRRA, answered the amended complaint and filed a motion for partial summary judgment returnable April 26, 2002.

On April 1, 2002, Covanta and its parent corporation, along with 120 other affiliates, filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York. On April 8, 2002, Covanta filed a Notice of Removal to remove the case from Onondaga County Supreme Court to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1452 (Removal of claims related to bankruptcy cases) and 9027 of the Federal Rules of Bankruptcy Procedure (Filing Application for Removal). On April 12, 2002, OCRRA filed a Notice of Motion to remand or abstain and remand the case to the Onondaga County Supreme Court or, in the alternative, for the Northern District of New York to retain jurisdiction of the case and resolve it expeditiously on the merits. On the same date, Covanta filed a motion seeking transfer of the case to the United States Bankruptcy Court for the Southern District of New York on the grounds that it was in the interest of justice and for the convenience of the parties.

On August 13, 2002, this court issued a memorandum decision and order that granted OCRRA's motion and remanded the case to the New York State Supreme Court pursuant to the mandatory abstention provisions set forth in 28 U.S.C. § 1334(c)(2).

On September 5, 2002, Covanta instituted a proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), seeking a declaration from the Bankruptcy Court that the automatic stay applied to the state court action commenced by the debtor, or, in the alternative, an injunction under the equitable powers granted to the Bankruptcy Court by 11 U.S.C. § 105.

On September 11, 2002, OCRRA filed a motion in this court requesting an order to show cause and temporary restraining order ("TRO") barring Covanta's prosecution of this action in the Bankruptcy Court, asserting; a) the principals of collateral estoppel and *res judicata* prevented further litigation of the application of the automatic stay issue because this court had already determined that the automatic stay applies to Covanta's state court lawsuit; and b) that this court should estop Covanta from seeking an injunction under 11 U.S.C. § 105.

*The Implicit Decision:*

■ "The initial issue is whether the District Court has jurisdiction to determine the automatic stay. We conclude that it does...The court in which the litigation claimed to be stayed is pending and has jurisdiction to determine not only its own jurisdiction, but also the more precise question whether the proceeding pending before it is subject to the automatic stay." *In re Baldwin–United Corporation,* 765 F.2d 343 (2d Cir.1985).

■ Covanta maintains that since this court's order did not specifically or by implication address the applicability of the

automatic stay on the merits, the bankruptcy court could do so. The court disagrees with this pronouncement. Substantial evidence supports the implicit finding on the merits that a stay did not apply in the instant case. The application of the stay issue was briefed by both parties in the briefs they submitted on the remand motion. Counsel for both parties also made a thorough presentation of the issue in their arguments before the court. Before the court undertook consideration of the remand motion, it had to consider the stay application question. If it found that a stay applied, the controversy would have ended there, but the court found that a stay did not apply, further considered the submitted materials, decided to abstain from hearing the case and remanded it to the state court. The decision to reach the merits in *Washington v. Seattle School District*, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982), constituted an implicit ruling, "[a]lthough standing was not discussed, the Court reached the merits of the claim and thus implicitly found that the school district are persons for purposes of the Fourteenth Amendment." *Board of Natural Resources of the State of Washington v. Brown*, 992 F.2d 937, 942 (9th Cir.1993).

*The Automatic Stay:*

11 U.S.C. § 362 provides in part: (a) Except as provided in subsection (b) of this section, a petition filed under 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of—(1) the commencement or continuation including the issuance of employment process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of this case under this title.

The question of stay applicability in this case is not of the common garden variety, for here, the lawsuit in question was started not by a creditor against debtor, but by the debtor in a state court breach of contract action. Although the scope of the automatic stay is broad, the clear language of section 362(a) and the sweeping authority cited below, confirms that the statute stays only proceedings against a "debtor"—the term used by the statute itself. *St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982). "The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." *Id.*, See also *In re Berry Estates*, 812 F.2d 67, 71 (2d Cir.) *cert. denied*, 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987). Thus, the lawsuit instituted in state court by debtor Covanta against OCRRA is not covered by the automatic stay. *Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61 (2d Cir.1986); *Koolik v. Markowitz*, 40 F.3d 567 (2d Cir.1994); *Vasile v. Dean Witter Reynolds*, 20 F.Supp.2d 465 (E.D.N.Y.1998) aff'd 205 F.3d 1327, 2000 WL 236473 (2d Cir.2000); *Ripley v. Mulroy*, 80 B.R. 17 (E.D.N.Y.1987); *Matter of American Media Distributors*, 216 B.R. 486 (Bankr.E.D.N.Y.1998); *In re Siskin*, 231 B.R. 514 (Bankr.E.D.N.Y.1999); *In re First Central Financial Corp.*, 238 B.R. 9 (Bankr.E.D.N.Y.1999); *In re Johns–Manville Corp.*, 26 B.R. 420 (Bankr.S.D.N.Y.1983), order aff'd 40 B.R. 219 (S.D.N.Y.1984) and appeal allowed, decision vacated on other grounds, 41 B.R. 926 (S.D.N.Y.1984); *In re United Health Care Organization*, 210 B.R. 228 (S.D.N.Y. 1997) appeal dismissed as moot, 147 F.3d 179 (2d Cir.1998); *In re Bidermann Industries U.S.A., Inc.*, 200 B.R. 779 (Bankr. S.D.N.Y.1996); *In re Bird*, 229 B.R. 90 (Bankr.S.D.N.Y.1999); *Gray v. Hirsch*, 230

B.R. 239 (S.D.N.Y.1999) Circuit Courts of Appeals and District courts in all other Circuits have agreed with the holdings of the Second Circuit courts:

1st Circuit: *Austin v. Unarco Industries, Inc.,* 705 F.2d 1 (1st Cir.1983), *cert dismissed,* 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983).

3rd Circuit: *Matter of GEC Industries, Inc.,* 116 B.R. 932 (Bankr.D.Del.1990).

4th Circuit: *In re Stovall,* 209 B.R. 849, (Bankr.E.D.Va.1997).

5th Circuit: *In re Gullett,* 230 B.R. 321 (Bankr.S.D.Tex.1999), order rev'd on other grounds, 253 B.R. 796 (S.D.Tex. 1999), aff'd 220 F.3d 585 (5th Cir.2000).

6th Circuit: *In re Stinson,* 221 B.R. 726 (Bankr.E.D.Mich.1998)

7th Circuit: *Martin–Trigona v. Champion Federal Savings and Loan Association,* 892 F.2d 575, 577 (7th Cir.1989).

8th Circuit: *In re Transportation Systems International, Inc.,* 110 B.R. 888 (D.Minn.1990), aff'd 930 F.2d 625 (8th Cir.1991).

9th Circuit: *In re Miller,* 262 B.R. 499 (9th Cir. BAP 2001)

10th Circuit: *Otoe County National Bank v. W & P Trucking, Inc.,* 754 F.2d 881 (10th Cir.1985)

11th Circuit: *In re Goldberg,* 221 B.R. 907 (Bankr.M.D.Fla.1998).

District of Columbia Circuit: *Carley Capital Group v. Fireman's Fund Insurance Company,* 889 F.2d 1126 (D.C.Cir.1989).

The court notes that while OCRRA discussed the applicability of the automatic stay to a debtor instituted lawsuit in its show cause/TRO memorandum of law, Covanta neither raised nor discussed the issue in its opposition papers.

*Collateral estoppel:*

■ Four conditions must be met before collateral estoppel may be applied to bar relitigation of an issue previously decided by a court of competent jurisdiction: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine.

*Local 32B—32J Service Employees International Union v. NLRB,* 982 F.2d 845, 849 (2d Cir.) *cert. denied,* 509 U.S. 904, 113 S.Ct. 2995, 125 L.Ed.2d 689 (1993).

■ Since Covanta's opposition papers only controvert that the issue was necessary to support the judgment, the court assumes that Covanta concedes that the other three requirements for collateral estoppel to apply were present in the prior proceeding. The court feels that the issue of the applicability of the stay was of paramount importance in making the decision As previously indicated in this memorandum, if the court had decided that a stay was applicable, the matter would have been terminated at that point and no remand order would have been forthcoming. Consequently, Covanta is collaterally estopped from re-litigating the stay applicable issue in this or any other forum.

*Enjoining further proceedings:*

■ The All Writs Act, 28 U.S.C. § 1651(a), empowers a federal court to enjoin parties before it from attempting to relitigate decided issues and to prevent collateral attack on its judgments. *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523–24 (9th Cir.1983), *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). After this court

found in a memorandum decision and order that the automatic stay in the Southern District of New York bankruptcy proceedings did not extend to Covanta's state court action against OCRRA, Covanta filed a Complaint and Motion for Declaratory Relief in the Chapter 11 bankruptcy proceeding entitled Ogden New York Services, Inc. et al., raising the same question in the Bankruptcy Court.

Covanta cites *In re Baldwin–United Corporation Litigation,* 765 F.2d 343 (2d Cir.1985), in support of its contention that a District Court may not enjoin it from applying to the bankruptcy court to determine whether an automatic stay applies in this case, however, there is a very significant difference between the facts in *Baldwin* and the case at bar.

In *Baldwin,* the automatic stay was already in place when a third party claimant filed a post-petition third party complaint for contribution and indemnity against the debtor and sought an exception to the automatic stay that existed since the bankruptcy petition was filed. In this case, no stay existed at the time Covanta initiated its pre-petition breach of contract action against OCRRA, and one did not attach to this debtor inaugurated lawsuit when the bankruptcy petition was filed. "As the district court correctly pointed out, the automatic stay pursuant to 11 U.S.C. § 362 enjoins actions '*against the debtor*' (emphasis in original).... In the case at bar, the opposite occurred." *Olick v. Parker & Parsley Petroleum Company,* 145 F.3d 513, 516 (2d Cir.1998). The automatic stay in 11 U.S.C. § 362(a)(1), does not stay the prosecution of claims brought by the debtor. *Id.*

*Conclusion:*

■ It appears that Covanta's Complaint and Motion is nothing more that an indirect attempt to appeal a non-appealable removal proceeding order. Such attempts have been vigorously disapproved by the Supreme Court for well over a century. *Ex parte Pennsylvania Co.,* 137 U.S. 451, 453, 11 S.Ct. 141, 34 L.Ed. 738 (1890); *Pacific Live Stock Company v. Lewis,* 241 U.S. 440, 447, 36 S.Ct. 637, 640–41, 60 L.Ed. 1084 (1916), accord, *Young v. Southern Pacific Company,* 15 F.2d 280, 281 (2d Cir.1926).

Accordingly, Covanta and all of the entities through which it did or does business, are hereby permanently enjoined from proceeding in the United States Bankruptcy Court, Southern District of New York with the Adversary Proceeding and Motion contained within the Adversary Proceeding Docket No. 02–03075, and from instituting any further action or proceeding in the United States Bankruptcy Court, Southern District of New York, or in any other court against any party regarding the application of the automatic bankruptcy stay to this case.

A copy of this order will be deemed sufficient if served by overnight mail upon Jenner & Block, LLC, One IBM Plaza, Chicago, IL 60611, and the Honorable Cornelius Blackshear, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, N.Y. 10004–1408, on September _____, 2002

**IT IS SO ORDERED.**