**COVANTA ONONDAGA LIMITED,**
Plaintiff–Appellant,

v.

**ONONDAGA COUNTY RESOURCE
RECOVERY AGENCY,**
Defendant–Appellee.

**Docket No. 02–9107.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 10, 2002.

Decided: Jan. 29, 2003.

Barry Sullivan, Chicago, IL (Vincent E. Lazar, Jennifer L. McManus, Jenner & Block, LLC, Chicago, IL; Deborah M. Buell, James L. Bromley, Cleary, Gottlieb, Steen & Hamilton, New York, NY, on the brief), for Plaintiff–Appellant.

Lee E. Woodard, Martin, Martin & Woodard, LLC, Syracuse, NY, for Defendant–Appellee.

Before: NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

NEWMAN, Circuit Judge.

This appeal concerns a district court's authority to act in a case that was initially removed from a state court, pursuant to 28 U.S.C. § 1452, because it was related to a bankruptcy case, and then remanded back to the state court because the district court determined that mandatory abstention applies. The specific issue is whether, after such a remand, the district court may enjoin a party in the remanded case—the debtor in the pending bankruptcy case—from asking the bankruptcy court to stay the remanded state court action. This issue arises on an appeal by Covanta Onondaga Limited Partnership ("Covanta") from the September 23, 2002, order of the District Court for the Northern District of New York (Howard G. Munson, District Judge), granting a permanent injunction sought by the Onondaga County Resource Recovery Agency ("OCRRA"). We conclude that the injunction must be vacated.

## Background

The origin of the pending appeal is a waste disposal agreement entered into by Covanta and OCRRA in 1992. Covanta operates a waste-to-energy municipal waste incinerator in Jamesville, N.Y., on property leased to it by OCRRA. In February 2002, OCRRA notified Covanta that the agreement between the parties was terminated by reason of Covanta's alleged breach of the agreement's requirement concerning maintenance of adequate credit. On March 1, Covanta filed a suit in the New York Supreme Court ("the State Court") seeking a declaratory judgment that OCRRA was not entitled to terminate

the parties' agreement ("the State Court case").[1] On March 22, OCRRA filed an answer asserting numerous defenses and seeking a judgment declaring, among other things, that OCRRA properly terminated the parties' agreement.

On April 1, Covanta filed a voluntary petition under Chapter 11 in the Bankruptcy Court of the Southern District of New York ("Bankruptcy Court"). Chapter 11 petitions were simultaneously filed by Covanta's parent company and 122 related companies. On April 8, Covanta filed in the District Court for the Northern District ("the District Court" or "Northern District") a notice of removal of the State Court case pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. On April 12, Covanta filed in the Northern District a motion to transfer the removed case to the Southern District of New York so that it could be referred to the Bankruptcy Court in the Southern District.

Also on April 12, OCRRA filed in the Northern District a motion to remand the State Court case to the State Court, or, in the alternative, to have the District Court retain jurisdiction and adjudicate the action. Remand was sought on the ground that the criteria for mandatory abstention specified in 28 U.S.C. § 1334(c)(2) were met. On August 8, OCRRA filed a proof of claim in the Bankruptcy Court. On August 13, the District Court granted OCRRA's motion and remanded the State Court case to the State Court. *Covanta Onondaga Limited [Partnership] v. Onondaga County Resource Recovery Agency,* 281 B.R. 809 (N.D.N.Y.2002) (*"Covanta Remand "*). The District Court agreed with OCRRA that mandatory abstention was required by subsection 1334(c)(2) and

---

**1.** Covanta had previously filed the same lawsuit in the District Court for the Northern District, and subsequently voluntarily dismissed the suit for lack of diversity jurisdiction.

remanded, apparently using the remand authority conferred by 28 U.S.C. § 1452(b). On August 19, 2002, OCRRA notified the District Court that it had filed a proof of claim with the SDNY Bankruptcy Court earlier that month and apologized for not previously informing the Court.

On September 5, Covanta filed an adversary proceeding against OCRRA in the Bankruptcy Court seeking, among other things, a declaration that the automatic stay of 11 U.S.C. § 362 applied to the State Court case, or, in the alternative, an injunction under 11 U.S.C. § 105(a) to prevent OCRRA from further prosecuting the State Court case pending confirmation of a plan of reorganization. Covanta also sought an injunction under section 105(a), apart from the pendency of the adversary proceeding.

On September 11, OCRRA moved in the Northern District for a temporary restraining order ("TRO"), which was issued that same day. The TRO prohibited Covanta and the Bankruptcy Court from proceeding with Covanta's adversary proceeding and with Covanta's motion, filed in that proceeding, for section 362 or section 105(a) relief. On September 13, the District Court continued the TRO after a hearing. On September 23, the District Court issued the permanent injunction that is the subject of the pending appeal. *Covanta Onondaga Ltd. [Partnership] v. Onondaga County Resource Recovery Agency*, 283 B.R. 651 (N.D.N.Y.2002) ("*Covanta Injunction* "). That injunction prohibits Covanta from proceeding in the Bankruptcy Court with the adversary proceeding and the motion contained within it, and "from instituting any further action or proceeding in [the Bankruptcy Court] or in any other court against any party regarding the application of the automatic bankruptcy stay to this case," *id.* at 657, presumably referring to the State Court case.

Covanta's motion for interim injunctive relief pending appeal was denied by the District Court and initially denied by this Court, without prejudice to renewal before the merits panel. On December 19, after oral argument, we entered an order maintaining the status quo, pending this appeal, by barring OCRRA from proceeding with the State Court case and barring Covanta from seeking relief in the Bankruptcy Court with respect to the State Court case.

## Discussion

The parties have framed the issue on appeal primarily in terms of whether the District Court exceeded its discretion under the All Writs Act, 28 U.S.C. § 1651(a), by issuing the permanent injunction. Although that issue inheres in the appeal, we initially consider whether the District Court had jurisdiction to issue the injunction after it had relinquished jurisdiction over the removed State Court case by remanding it to the State Court. In seeking injunctive relief, OCRRA invoked only section 1651(a), which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, it is well settled that the All Writs Act is not an independent source of a federal court's jurisdiction. *See United States v. Tablie*, 166 F.3d 505, 506–07 (2d Cir.1999); *Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 937 (9th Cir.1993); *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 76 (D.C.Cir.1984).

Federal courts frequently use section 1651(a) to protect their jurisdiction over cases that are grounded on some valid jurisdictional basis, typically diversity or federal question jurisdiction. *See, e.g., United States v. New York Telephone Co.*, 434 U.S. 159, 172–75, 98 S.Ct. 364, 54

L.Ed.2d 376 (1977). OCRRA has not pled either diversity or federal question jurisdiction as the jurisdictional basis for the injunction it has obtained. Instead, its theory of entitlement to the injunction, apparently accepted by the District Court, is that the injunction was somehow in aid of the jurisdiction the District Court had exercised over the removed and remanded State Court action.

If a district court is acting with respect to a case that remains within its jurisdiction, there is no doubt that its jurisdiction over the case includes authority to act under section 1651 when necessary to "protect," *Findley v. Laughead (In re Johns–Manville Corp.)*, 27 F.3d 48, 49 (2d Cir.1994), or "aid," *Jones v. Lilly*, 37 F.3d 964, 967 (3d Cir.1994), its jurisdiction. Furthermore, a court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs, *see, e.g., Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64–65 (2d Cir. 1991), and sanctions, *see, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–95, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (sanctions under Fed.R.Civ.P. 11). In addition, a court that enters a judgment with continuing effect retains some authority to enforce its judgment, *see, e.g., Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863–65 (2d Cir.1988) (approving district court's removal of state court suit, in absence of independent removal jurisdiction, because removal necessary to preserve integrity of district court's consent decree); *United States v. International Brotherhood of Teamsters*, 266 F.3d 45, 49–50 (2d Cir.2001) (affirming district court's authority to enjoin non-parties from preventing implementation of consent decree), although there are jurisdictional limits to such authority, *see Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (holding that district court lacks ancillary jurisdiction to enforce settlement agreement after underlying lawsuit has been dismissed unless the parties agree to such continuing authority or the court retains jurisdiction for such purpose).

The injunction challenged in the pending appeal does not derive jurisdictional validity from any of these traditional sources of ancillary or continuing jurisdiction. Indeed, we are not aware of any other case in which a district court has purported to have jurisdiction to enter an order (unrelated to fees, costs, or sanctions) after remanding a removed case to a state court. The absence of a precedent, of course, does not demonstrate that jurisdiction is unavailable, but it prompts us to scrutinize with care the claim that jurisdiction exists.

The District Court's injunction was clearly not issued to prevent any interference with the order it had previously issued. That order returned the removed case from the Northern District to the State Court. No one is trying to bring the State Court case back to the Northern District, and we can safely assume that that is the last thing that Covanta, the party enjoined, would now want to do. The injunction, however, prohibits more than a renewed attempt to remove the State Court case to the Northern District, and we must consider whether the District Court had authority to issue it.

The District Court sought to justify the injunction as necessary to accomplish two related purposes: enforcing the *res judicata* and collateral estoppel effect of the Court's remand order and preventing "an indirect attempt to appeal a non-appealable removal proceeding order." *Covanta*

*Injunction*, 283 B.R. at 657. Both rationales bristle with troublesome issues.

The "collateral attack" rationale raises at least three problems. The first obstacle to grounding the District Court's injunction on a preclusion rationale is the substantial uncertainty as to whether the Court's order has preclusive effect. If the remand order is not appealable, as the District Court stated in justifying its injunction, then it is highly unlikely that the order has preclusive effect. *See, e.g., Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 708 (7th Cir. 1999) ("An *unappealable* ruling, however, is not res judicata, and the district court's remand order was unappealable . . . .") (citations omitted).

The second obstacle to the preclusion rationale is the substantial uncertainty as to whether the issue for which preclusion is claimed was decided in the adjudication of OCRRA's successful motion to remand the State Court case. The injunction prohibits Covanta from litigating the application of the automatic stay to the remanded State Court case, but the District Court's opinion explaining its decision to remand makes no mention of section 362 and does not explicitly decide whether it applies to the State Court case. Nor does the opinion mention section 105 or the discretionary factors that bankruptcy courts consider in exercising their section 105 authority. That opinion purported to decide (a) that the District Court had jurisdiction over the removed State Court case because the State Court case was "related to" a case under Title 11 within the meaning of 28 U.S.C. § 1334(b) and because removal was proper under 28 U.S.C. § 1452(a) (removal proper if district court has jurisdiction under 28 U.S.C. § 1334); (b) that the State Court case was "non-core," *see* 28 U.S.C. § 157; and (c) that the District Court was required to abstain pursuant to the mandatory abstention provision of 28 U.S.C. § 1334(c)(2). *See Covanta Remand*, 281 B.R. at 812–16. Despite the focus of these predicate rulings on matters other than the mandatory stay, the District Court later explained its preclusion rationale for the injunction by stating that it had made "the implicit finding on the merits that a stay did not apply in the instant case." *Covanta Injunction*, 283 B.R. at 655. Whether or not such an implicit finding should be inferred from the Court's prior opinion (we have no doubt that Judge Munson was accurately reporting what he was thinking at the time of the prior remand ruling),[2] and whether or not such an implicit finding would have preclusive effect, we are satisfied that it cannot serve to accord the District Court authority, after relinquishing jurisdiction over the removed case, to prohibit Covanta from seeking from the Bankruptcy Court in the Southern District a ruling that the automatic stay applies to the State Court case.

■ A third problem with the preclusion rationale is that, as Professor Wright's treatise explains, "[o]rdinarily

---

**2.** Judge Munson explained in his injunction ruling that he would not have remanded the State Court case if he had thought that the automatic stay applied to it. *Covanta Injunction*, 283 B.R. at 655, 656. We note, however, that the District Court would not necessarily have had to decide the issue of the applicability of the stay before remanding the action to the State Court. *Cf. Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.)*, 96 F.3d 346, 352 (9th Cir.1996) (holding that "a finding that mandatory abstention applies to the underlying state action does not preclude denial of relief from § 362's automatic stay"); *see also* §§ 1334(c)(2) and 1334(d) (a decision to abstain under section 1334(c)(2) "shall not be construed to limit applicability of the stay provided for by [section 362], as such section applies to an action affecting the property of the estate in bankruptcy").

both issue preclusion and claim preclusion are enforced by awaiting a second action in which they are pleaded and proved by the party asserting them. The first court does not get to dictate to other courts the preclusion consequences of its own judgment . . . ." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4405, at 82 (2d ed.2002). *See Midway Motor Lodge v. Innkeepers' Telemanagement & Equipment Corp.*, 54 F.3d 406, 409 (7th Cir.1995) ("In the law of preclusion, however, the court rendering the first judgment does not get to determine that judgment's effect . . . .").

The District Court relied on *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir.1983), for the proposition that section 1651 "empowers a federal court to enjoin parties before it from attempting to relitigate decided issues and to prevent collateral attacks on its judgments." *Covanta Injunction*, 283 B.R. at 656. Passing the obvious distinction that the District Court in the pending case did not have "before it" the party it asserted jurisdiction to enjoin, we cannot agree that *Wood* purported to uphold use of section 1651 as general authority to decide the preclusive effect of a court's prior decision. On the contrary, *Wood* is an example of a court's unquestioned authority to terminate and prevent the renewal of a protracted series of vexatious lawsuits filed by a litigant who is not deterred by the assertion of preclusion defenses in subsequent litigation. *See, e.g., In re Martin–Trigona*, 795 F.2d 9 (2d Cir.1986). The enjoined litigant in *Wood* was engaged in "the third and fourth generation of lawsuits spawned by the prolixity of [the appellant]," 705 F.2d at 1518 n. 1, after ten years of litigation, *id.* at 1518. In approving an injunction to prohibit future litigation, the Ninth Circuit in *Wood* did not uphold the authority of a court to

decide the preclusive effect of one of its prior judgments. Instead, it approved the sanction of an injunction to bar "repetitive litigation," *Wood*, 705 F.2d at 1524, relying on one of its own precedents that had similarly approved enjoining repetitive litigation spanning sixteen years, *id.* (citing *Clinton v. United States*, 297 F.2d 899 (9th Cir.1961)). *Wood*'s holding does not support the Northern District's injunction because there is no allegation or evidence that Covanta's attempt to secure protection from the Bankruptcy Court is vexatious or harassing.

■ Even in the absence of a pattern of vexatious litigation, however, a district court that has adjudicated the merits of a case may have authority to prevent relitigation. *See New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998) (affirming injunction to bar action in federal court); 18 *Moore's Federal Practice*, § 131.53, at 131–178 to 131–180 (3d ed.1997); *see also Canady v. Allstate Insurance Co.*, 282 F.3d 1005, 1019–20 (8th Cir.2002) (affirming injunction to bar action in state court after non-merits dismissal for lack of standing). But it is doubtful that a court remanding a removed case that has not been adjudicated on the merits retains continuing authority to enforce what it believes is the preclusive effect of its remand decision.

In addition to its preclusion rationale, the District Court supported its injunction on the need to prevent Covanta from making "an indirect attempt to appeal a nonappealable removal proceeding order," *Covanta Injunction*, 283 B.R. at 657. As we have noted, the Court had previously determined that 28 U.S.C. § 1334(c)(2) required mandatory abstention with respect to the removed State Court case and had remanded. However, subsection 1334(c)(2) specifies abstention, not remand,

and we assume that the District Court's remand order was grounded on 28 U.S.C. § 1452(b), which explicitly provides for remand of a case that has been removed because it relates to a bankruptcy case. *See Universal Well Services, Inc. v. Avoca Natural Gas Storage, JMC,* 222 B.R. 26, 31 (W.D.N.Y.1998) (remanding under section 1452(b) after abstaining under subsection 1334(c)(2)); Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!,* 27 Cumb. L.Rev. 1037, 1092–1104 (1996–1997).

Section 1452(b) provides:

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of [Title 28] or by the Supreme Court of the United States under section 1254 of [Title 28].

28 U.S.C. § 1452(b).[3]

The District Court's "indirect appeal" rationale also encounters a substantial problem. Although section 1452(b) applies to all orders remanding cases that were removed under section 1452(a) because they are related to bankruptcy cases, *see*

*Cathedral of the Incarnation v. Garden City Co. (In re Cathedral of the Incarnation),* 90 F.3d 28, 31–34 (2d Cir.1996) ("*Cathedral*") (rejecting contention that prohibition of appeals applies only to remands on grounds cognizable in equity but not at law), its prohibition is directed explicitly to appeals and other attempts to obtain review in a court of appeals.[4] Covanta has not sought to appeal the District Court's remand order.

There is no doubt that Covanta wants to obtain from the Bankruptcy Court some protection from OCRRA's pursuit of its claims in the State Court case, a result that Judge Munson evidently believed would be inconsistent with his decision to allow the State Court case to proceed. But we see nothing in section 1452(b) that bars a bankruptcy court from making whatever ruling it is otherwise entitled to make (whether on its own or on recommendation to a district court, *see Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)), subject to available review, simply because a district court has abstained from proceeding with a removed state court action. The concerns that prompted us to decline to adopt a narrow interpretation of section 1452(b)'s prohibition of appeal in *Cathedral* were expressed in the context of a case where the bankruptcy court had already had the opportu-

---

**3.** The same prohibition on appeal is contained in 28 U.S.C. § 1334(d), which applies to cases requiring mandatory abstention under subsection 1334(c)(2).

**4.** We recognize that the Supreme Court has held that the prohibitions on appeal contained in the general removal statute, 28 U.S.C. § 1447(d), apply to cases remanded pursuant to 28 U.S.C. § 1452(b). *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127–29, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Section 1447(d), where applicable, *see Thermtron Products, Inc. v. Hermandorfer,* 423 U.S. 336, 345–52, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976)

(appellate review limitations of remands under section 1447(d) apply only to remands on grounds specified in section 1447(c)), bars review "on appeal or otherwise." That phrase does not specifically refer to a court of appeals, as does the wording of sections 1452(b) and 1334(d). We express no view as to the effect, if any, of the wording of section 1447(d) on the authority of a bankruptcy court. We note that the broad prohibition of appellate review reflected in *Things Remembered* was announced in a case that had already been before a bankruptcy court.

nity to rule on whether a matter should proceed in state court, even though, on review, a district court had rejected a bankruptcy court's denial of a remand order. By contrast, in the pending case, the District Court's injunction, ostensibly grounded on section 1452(b)'s preclusion of appellate review of its remand order, prohibits the debtor from seeking relief from the Bankruptcy Court.

We have no doubt that the District Court had subject matter jurisdiction over the State Court case under section 1452(a) upon the filing of the removal petition. And the remand under section 1452(b) did not imply any lack of subject matter jurisdiction to determine whether to remand. *Cf. S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 708 (2d Cir. 1995) ("It bears noting at the outset that the abstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance."). The District Court's decision whether to retain or remand the State Court case is somewhat analogous to every court's jurisdiction to determine its own jurisdiction, *see United States v. Story*, 891 F.2d 988, 991 (2d Cir.1989). But once the Court relinquished the jurisdiction it had, its continuing authority to rule with respect to that case is doubtful at best. Indeed, the District Court ordered the remand precisely because it concluded that it was required not to proceed with the removed action. *Cf. Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) (court that dismisses for lack of subject matter jurisdiction may not enjoin relitigation).[5]

All of the considerations discussed thus far make us doubtful that the District Court, after remanding the State Court case, had continuing jurisdiction to issue the injunction. If jurisdiction was available, the same considerations rendering such jurisdiction doubtful weigh against its exercise as a matter of discretion. Both sides enlist our decision in *Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin–United Corporation Litigation)*, 765 F.2d 343 (2d Cir.1985), to support their opposing contentions concerning the appropriateness of the Northern District's exercising whatever jurisdiction it might have had. In *Erti*, a district court had pending before it a class action and 39 similar suits assigned to it for pretrial proceedings by the Judicial Panel on Multidistrict Litigation. The class-action defendant filed a third-party complaint for contribution and indemnity against a debtor in Chapter 11 proceedings in another jurisdiction. The class action court ruled that the contribution and indemnity claims were not subject to the automatic stay and enjoined the debtor from seeking any relief from any other court with respect to the matters pending before it. Acknowledging that a district court has authority to determine whether the automatic stay applies to litigation within the court's jurisdiction, paralleling the authority of a bankruptcy court, *id.* at 347, we ruled that the equities weighed substantially against preventing the bankruptcy court from determining the applicability of the stay and from exercising its "broader," *id.* at 348, authority under section 105(a) of the Bankruptcy Code, *id.* at 347–49.

OCRRA contends that the pending case is more appropriate for an injunction be-

---

**5.** We do not mean to imply that a district court's decision to abstain from proceeding with a case within its subject matter jurisdiction destroys such jurisdiction; the jurisdic-

tional doubts as to the Northern District's continuing authority arise in this case because abstention was followed by a remand to the State Court.

cause *Erti* involved both a complicated district court proceeding and a complicated bankruptcy court proceeding, whereas the State Court case in the pending litigation involves only a narrow issue as to whether the parties' agreement has been validly terminated. Covanta responds that an injunction is as inappropriate here as in Erti, if not more so, emphasizing that the Chapter 11 proceeding involving Covanta and its affiliated companies is extremely complicated, the contract at issue in the State Court case is Covanta's primary asset, the Bankruptcy Court should have the opportunity to consider both whether the automatic stay applies and whether to exercise its section 105(a) authority, and, unlike Erti, the injunction here was issued by a court that no longer had litigation pending before it. We agree with Covanta that, under all the circumstances, issuance of the injunction exceeded the scope of the Northern District's discretion, even if some remnant of subject matter jurisdiction continued after the State Court case was remanded. We emphasize the limited scope of our decision. We are not purporting to determine whether the District Court's remand decision has collateral estoppel or *res judicata* effect, whether the automatic stay applies to the State Court case, or whether the Bankruptcy Court should act pursuant to section 105(a). We are not endeavoring to instruct either the State Court, in the event that it proceeds with the State Court case, or the Bankruptcy Court, in the event that its authority is properly invoked with respect to any aspect of the controversy between Covanta and OCRRA. We are ruling that the District Court's injunction must be vacated because the Court probably lacked jurisdiction to issue it, and, if jurisdiction was available, issuance of the injunction, for all of the reasons discussed, exceeded the Court's discretion.

We vacate the District Court's injunction, and terminate the interim injunction we issued on December 19. The mandate shall issue forthwith. No costs.