Alice CLISSURAS and Patricia Clissuras, Plaintiffs–Appellants,

v.

CITY UNIVERSITY OF NEW YORK, Teachers' Retirement System of the City of New York, Professional Staff Congress/Cuny, PSC–Cuny Welfare Fund, Defendants–Appellees,

All Causally Responsible Individuals of Aforesaid Four Agencies, All Potentially Responsible Agencies, All Causally Responsible Individuals of Said Potentially Responsible Agencies, Defendants.

Nos. 03–7531(L), 03–7532(CON).

United States Court of Appeals, Second Circuit.

Feb. 19, 2004.

Alice Clissuras, Brooklyn, NY, for Plaintiff–Appellants, pro se.

Patricia Clissuras, Brooklyn, NY, submitted a brief, for Plaintiffs–Appellants, pro se.

Oren Zeve, Assistant Solicitor General, for Eliot Spitzer, Attorney General for the State of New York (Michael S. Belohlavek Deputy Solicitor General and Jean Lin, Assistant Solicitor General, on the brief), for City University of New York.

Barry I. Levy, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP, New York, NY, for Professional Staff Congress–CUNY.

Neil D. Lipton, Spivak, Lipton, Watanabe, Spivak & Moss, LLP, New York, NY, for PSC–CUNY Welfare Fund.

Norman Corenthal, Corporation Counsel of the City of New York, New York, N.Y.

(Michael A. Cardozo and Kristin M. Helmers, on the brief), for Teachers' Retirement System of the City of New York.

Present: KEARSE, CALABRESI, and KATZMANN, Circuit Judges.

## AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

In October 2002, plaintiffs-appellants Alice Clissuras and Patricia Clissuras filed separate *pro se* actions, in the United States District Court for the Southern District of New York, against the City University of New York ("CUNY"), the Teachers' Retirement System of the City of New York ("TRS"), Professional Staff Congress–CUNY ("the Union"), PSC–CUNY Welfare Fund ("the Fund"), and various unnamed and potentially responsible defendants. Their virtually identical complaints alleged numerous constitutional violations, ostensibly pursuant to 42 U.S.C. § 1983 and § 1985, and a variety of state law claims. The gravamen of the plaintiffs' action is that, following the respective retirements of Alice Clissuras in 1982 and Patricia Clissuras in 1986 from the faculty of the New York City College of Technology, a CUNY senior college, they were denied certain pension and health benefits because of improper calculations and misclassifications by the defendants.

The district court (Scheindlin, *J.*) dismissed the claims against defendant CUNY at the outset of the litigation on the ground that CUNY was "an arm of the state" and consequently entitled to Eleventh Amendment immunity. We take up the issue of sovereign immunity in a separate *per curiam* opinion. The court below also dismissed the actions against the remaining named defendants pursuant to Fed.R.Civ.P. 12(b)(6) and enjoined the plaintiffs from instituting any future federal litigation against CUNY and these defendants without seeking leave of the court. In this order, we affirm the dismissal—pertinent to TRS, the Union, and the Fund—and the injunction.

Plaintiffs' claims of wrongdoing stem from events the latest of which occurred at least a decade before they filed their present suit, in October 2002. The statute of limitations for causes of action brought pursuant to §§ 1983 and 1985 in New York is three years, *see Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997), and a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (internal quotation marks omitted). The record reflects that both plaintiffs had reason to know of their alleged injuries more than ten years ago. And, on the facts of their cases, the plaintiffs cannot point to any continuing violation that would preserve their claims. *See Florida v. Long*, 487 U.S. 223, 239, 108 S.Ct. 2354, 101 L.Ed.2d 206 (1988) ("It is not correct to consider payments of benefits based on a retirement that has already occurred as a sort of continuing violation."). Because plaintiffs' constitutional claims are time-barred, they were properly dismissed.

In the absence of any viable federal claims,[1] the district court was well within its discretion in declining to exercise sup-

---

1. In their cavalcade of claims, plaintiffs make creative arguments regarding obstruction of justice and theft of identity. These claims are either time-barred or do not constitute private federal causes of action, or both. The only other potentially colorable federal claim asserted in plaintiffs' complaints is a violation of the Employee Retirement Income Security

plemental jurisdiction over plaintiffs' state law causes of action, which it dismissed, of course, without prejudice. *See* 28 U.S.C. § 1367(c)(3) (2000); *Ametex Fabrics, Inc. v. Just In Materials, Inc.,* 140 F.3d 101, 105 (2d Cir.1998). And, having reviewed the history of this case, we find no abuse in the lower court's decision enjoining plaintiffs from filing another federal lawsuit against these defendants without first obtaining the court's permission. *See Covanta Onondaga Ltd. P'ship v. Onondaga County Res. Recovery Agency,* 318 F.3d 392, 398 (2d Cir.2003) (noting that district courts have the power to issue injunctions to prevent vexatious litigation). Moreover, the court acted within the range of permissible discretion in denying plaintiffs' motion for reconsideration, and we find this to be so even if we construe the filing as a motion for relief from judgment under Fed R. Civ. P. 60(b). *See Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted). Finally, plaintiff Alice Clissuras's production and recusal motions are denied.

We have considered all of plaintiffs' claims with respect to defendants TRS, the Union, and the Fund and find them meritless. We therefore AFFIRM the judgment of the district court as it pertains to these defendants.

Act ("ERISA"), *see* 29 U.S.C. § 1132(a) (2000). The statute of limitations for ERISA breach of fiduciary duty claims provides for a bar on any action brought more than "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation" or six years after discovery in the case of fraud or concealment. 29 U.S.C. § 1113(2) (2000); *see Caputo v. Pfizer, Inc.,* 267 F.3d 181 (2d Cir.2001). Here, plaintiffs had actual knowledge of the alleged violation more than six years before they instituted their suit.