**Stanley KOOLIK, Plaintiff–Counter–Defendant–Appellant,**

**v.**

**Stanley MARKOWITZ, Defendant–Counter–Claimant–Appellee.**

**Docket 94–7771.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 8, 1994.

Decided Nov. 14, 1994.

Matthew C. Gruskin, New York City, for plaintiff-counter-defendant-appellant.

Owen Wincig, New York City, for defendant-counter-claimant-appellee.

Before: FEINBERG, KEARSE, and CARDAMONE, Circuit Judges.

PER CURIAM:

Plaintiff Stanley Koolik, who commenced the present action in the district court against defendant Stanley Markowitz with respect to business dealings between the two, appeals from a judgment that, *inter alia*, awarded Markowitz $110,000 on a counterclaim against Koolik. Markowitz has moved to dismiss Koolik's appeal on the ground that the notice of appeal was not timely filed. Koolik's attorney thereafter notified this Court that Koolik has filed a petition in bankruptcy in the Southern District of Flori-

da and argues that further proceedings with respect to the motion should be held in abeyance pending the lifting of the automatic bankruptcy stay provided by the Bankruptcy Code, *see* 11 U.S.C. § 362(a)(1) (1988). We agree.

■ Section 362(a) provides in part, with exceptions not pertinent here, that the filing of a petition in bankruptcy operates as a stay, applicable to all entities, of—

(1) the commencement or continuation ... of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code].

11 U.S.C. § 362(a)(1). The stay is designed to provide the debtor with "'a breathing spell from his creditors.'" *Teachers Insurance & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 64 (2d Cir.1986) (quoting legislative history).

■ This Court has recognized that the automatic stay is applicable only to proceedings "against," 11 U.S.C. § 362(a)(1), the debtor. *See, e.g., Teachers Insurance & Annuity Ass'n of America v. Butler*, 803 F.2d at 64. Whether an action or proceeding is "against" the debtor is determined by the posture of the parties at the commencement of the action or proceeding, not by which party has initiated the appeal. *See, e.g., In re Berry Estates, Inc.*, 812 F.2d 67, 71 (2d Cir.), *cert. denied*, 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); *Ostano Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206, 207 (2d Cir.1986) (per curiam). Further, since a defendant who is awarded judgment on a counterclaim is no less a judgment creditor than is a plaintiff who is awarded judgment on a claim asserted in the complaint, we construe the term "action or proceeding," for purposes of § 362(a)(1), to include any pleading that asserts a claim on which relief is sought. Thus, an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an "action or proceeding against the debtor" within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit.

Accordingly, we conclude that Koolik's bankruptcy petition automatically operated to stay the continuation of the present appeal. The motion to dismiss the appeal may not properly be decided at this time.

The parties are instructed to inform this Court when the bankruptcy court grants relief from the automatic stay or when that stay lapses. Until this Court receives such information, all proceedings herein with respect to the debtor are stayed. The motion to dismiss will be recalendared after the stay has lifted.