64 F.3d 673
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ROBERT TYER AND ASSOCIATES, INC., d/b/a Aeration Research
Co., Plaintiff/Counterdefendant-Appellant,
v.
ENVIRONMENTAL DYNAMICS, INC., Defendant/Counterclaimant-Appellee.
 No. 95-1270.
 United States Court of Appeals, Federal Circuit.
 July 14, 1995.
 
 S.D.Tex.
 DISMISSED.
 Before RADER, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 Environmental Dynamics, Inc. (EDI) responds to the court's May 30, 1995 order directing the parties to respond to the issue of whether the automatic stay provision of 11 U.S.C. Sec. 362 is applicable in this appeal. Robert Tyer and Associates, Inc., d/b/a Aeration Research Co. (Tyer) submits a response three days out time. The court, sua sponte, grants Tyer an extension of time to file a response.
 
 
 2
 Tyer brought action in the United States District Court for the Southern District of Texas seeking, inter alia, a declaratory judgment of patent noninfringement. EDI counterclaimed for infringement of two of its patents. On March 17, 1995, the district court entered a final judgment awarding EDI damages of $ 118,000 and post-judgment interest in compensation for patent infringement.[1] Tyer appealed on March 20, 1995. On April 26, 1995, Tyer filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code.
 
 
 3
 Section 362 of 11 U.S.C. provides as follows, in pertinent part:
 
 
 4
 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title...operates as a stay, applicable to all entities, of ---
 
 
 5
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 
 
 6
 (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title....
 
 
 7
 We are required to determine whether Tyer's appeal is automatically stayed by 11 U.S.C. Sec. 362. The question is whether the district court proceeding was "against the debtor." In this case, the counterclaim was against the debtor. One of our sister circuits considered this issue in Koolik v. Markowitz, 40 F.3d 567 (2d Cir. 1994). The plaintiff, Koolik, appealed from a judgment that awarded Markowitz damages based on Markowitz's counterclaim. Markowitz moved to dismiss Koolik's appeal on the ground that the notice of appeal was not timely filed. Koolik subsequently filed a petition for bankruptcy, and he argued that further proceedings with respect to the motion to dismiss should be held in abeyance pending the lifting of the automatic stay under 11 U.S.C. Sec. 362.
 
 
 8
 The Second Circuit stated that whether an action or proceeding is "against" the debtor is determined by the posture of the parties at the commencement of the action or proceeding, not by which party has initiated the appeal. Koolik, 40 F.3d at 568.
 
 
 9
 [S]ince a defendant who is awarded judgment on a counterclaim is no less a judgment creditor than is a plaintiff who is awarded judgment on a claim asserted in the complaint, we construe the term "action or proceeding"... to include any pleading that asserts a claim on which relief is sought.
 
 
 10
 Id. Thus, the Second Circuit held that an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an "action or proceeding against the debtor" within the meaning of 11 U.S.C. Sec. 362(a)(1), regardless of whether the plaintiff initiated the lawsuit. Id. Accordingly, the court determined that Koolik's bankruptcy petition automatically operated to stay the continuation of Koolik's appeal. Similarly, EDI's counterclaim against Tyer is an "action or proceeding against the debtor." Indeed, Tyer has a monetary judgment entered against it. Thus, it is clear that part of the appeal must be stayed.
 
 
 11
 Tyer argues that even if the court determines that Tyer is precluded from "pursuing an appeal of the judgment as a whole," Tyer should be permitted to appeal its affirmative causes of action, i.e., its claims concerning tortious interference with prospective business relations and antitrust violations. Tyer contends that the automatic bankruptcy stay does not stay claims brought by the debtor. See Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1991) (within one case, actions against a debtor will be suspended, although closely related claims asserted by the debtor may continue).
 
 
 12
 We question whether judicial economy would be served by Tyer's suggested piecemeal approach. Although the matter is not entirely clear, it appears that the issues underlying the claims of tortious interference and antitrust violations are substantially similar to those involved in EDI's counterclaim for patent infringement. Further, granting appellate review of Tyer's claims would require this court to consider issues that are the subject of a stay mandated by statute. We deem that the better course is to stay all claims at issue in Tyer's appeal.[2]
 
 
 13
 Pursuant to Fed. Cir. R. 47.10, an appeal stayed in accordance with 11 U.S.C. Sec. 362 may be dismissed without prejudice to the appellant reinstating the appeal within 30 days after the stay is lifted or the bankruptcy proceeding is concluded.
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 (1) Tyer's appeal is dismissed without prejudice to reinstatement within 30 days after the stay is lifted or after the bankruptcy proceeding is concluded.
 
 
 16
 (2) The revised official caption is reflected above.
 
 
 
 [1]
 EDI notes that although Tyer was the named plaintiff in the proceedings before the district court, the action was tried as a patent infringement case with EDI proceeding first in the presentation of proof at trial
 
 
 [2]
 We note that the bankruptcy court with jurisdiction over Tyer's case has the authority to lift the automatic stay. See 11 U.S.C. Sec. 362(d). If Tyer so desires, it may seek relief from the stay in the bankruptcy court. Proceedings in this court may continue if such relief is granted