■ VINCENT HOWELL, as Executor of CLYDE W. HOWELL, Deceased, Appellant, v EUGENE V. BROZZETTI et al., Respondents. [658 NYS2d 708] —Carpinello, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered February 9, 1996 in Broome County, upon a decision of the court in favor of defendants.

This case involves a breach of contract claim for the sale of real property owned by plaintiff in the Town of Chenango, Broome County. The contract was entered into as a result of a public auction. Defendants, the contract vendees, answered and counterclaimed seeking rescission of the contract on the ground that plaintiff was incapable of conveying marketable title because the property lacked a legal right of access.

During the pendency of the instant appeal, on February 10, 1997, plaintiff filed a chapter 13 (11 USC) petition in bankruptcy pursuant to the Federal Bankruptcy Code. While there is a question as to the ability of an estate to file such a petition, that issue must be resolved by Bankruptcy Court. The immediate issue for our determination is whether the filing operates as a stay of the instant appeal.

The automatic stay imposed by 11 USC § 362 is applicable only to a "proceeding against the debtor" (11 USC § 362 [a] [1]; *see, Koolik v Markowitz*, 40 F3d 567, 568). The stay is manda-

tory and operates even at the appellate level (*see, e.g., Parker v Bain*, 68 F3d 1131, 1135; *Cathey v Johns-Manville Sales Corp.*, 711 F2d 60, 62; *see generally, Maritime Elec. Co. v United Jersey Bank*, 959 F2d 1194, 1206). Significantly, an answer that asserts a counterclaim against a plaintiff who subsequently files a petition in bankruptcy "is an 'action or proceeding against the debtor' within the meaning of [the statute], notwithstanding the fact that the plaintiff initiated the lawsuit" (*Koolik v Markowitz, supra*, at 568, quoting 11 USC § 362 [a] [1]).

Because plaintiff appeals from a judgment which, *inter alia*, awarded defendants rescission of the contract and the return of their down payment as requested in their counterclaim (*compare, Carley Capital Group v Fireman's Fund Ins. Co.*, 889 F2d 1126, 1127), we conclude that this appeal is stayed by plaintiff's bankruptcy petition until Bankruptcy Court grants relief from the automatic stay or it lapses (*see, Parker v Bain, supra*, at 1137; *Koolik v Markowitz, supra*; *cf., Beltrone v General Schuyler & Co.*, 229 AD2d 857).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the decision is withheld, and appeal stayed until further order of Bankruptcy Court.