08-5791-bk
In re Haworth

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:   RALPH K. WINTER,
                      REENA RAGGI,
                      DEBRA ANN LIVINGSTON,
                                *Circuit Judges.*

--------------------------------------------------------------------------------
In Re: JOHN BRIAN HAWORTH,
                                *Debtor*,
--------------------------------------------------------------------------------
JEFFERY DIEFFENBACH,
                                *Appellant*,
                          v.                                             No. 08-5791-bk

JOHN BRIAN HAWORTH, TRUSTEE BARBARA
KATZ,
                                *Appellees*.
--------------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JEFFERY DIEFFENBACH, *pro se*, Newport, Rhode Island.

APPEARING FOR APPELLEES:        FRANCIS J. BROWNE, Stamford, Connecticut, *for John Brian Haworth*.

                                BARBARA H. KATZ, *pro se*, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 29, 2008, is AFFIRMED.

In 2004, <u>pro se</u> appellant Jeffery Dieffenbach moved to reopen his former father-in-law John Brian Haworth's chapter 7, "no asset" bankruptcy. <u>See</u> 11 U.S.C. § 701 <u>et seq.</u> Dieffenbach now appeals from the district court's affirmance of the bankruptcy court's orders (1) declining to remove Barbara Katz as bankruptcy trustee, and (2) denying Dieffenbach's request for damages from Haworth's estate. "[W]e review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law <u>de novo</u>." <u>In re Enron Corp.</u>, 419 F.3d 115, 124 (2d Cir. 2005). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      <u>Removal of Trustee Katz</u>

The bankruptcy "court . . . may remove a trustee . . . for cause." 11 U.S.C. § 324(a). In defining "cause" for removal, "'[w]e have traditionally stressed the elements of fraud and

2

actual injury to the debtor interests.'" In re Freeport Italian Bakery, Inc., 340 F.2d 50, 54 (2d Cir. 1965) (quoting Schwartz v. Mills, 192 F.2d 727, 729 (2d Cir. 1951)); accord In re Lundborg, 110 B.R. 106, 108 (Bankr. D. Conn. 1990); see also 3 Collier on Bankruptcy ¶ 324.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009) ("Generally, the courts will not remove a trustee absent fraud or injury."). We review the bankruptcy court's removal decision for abuse of discretion, see In re Eloise Curtis, Inc., 326 F.2d 698, 701 (2d Cir. 1964); In re Paramount Publix Corp., 68 F.2d 703, 705 (2d Cir. 1934), and we detect none here.

Dieffenbach submits that Katz should have been removed for (1) failing to acknowledge and administer putative undisclosed assets; (2) failing to furnish requested financial information to Dieffenbach; and (3) offering to sell the trustee's claims to Dieffenbach. We are not persuaded. If Katz had "not fulfilled [her] duty as trustee to press all legitimate claims of the estate," In re Freeport Italian Bakery, Inc., 340 F.2d at 55, then there might have been cause for her removal. But the record shows that Katz thoroughly investigated each of Dieffenbach's proposed claims and ultimately concluded, in two detailed reports, that "no property of the estate exists for a trustee to administer." Trustee's Report at 14. Katz's conclusion accorded with that of her predecessor trustee, Roberta Napolitano, who previously examined Dieffenbach's arguments and similarly concluded there were no grounds to reopen the Haworth bankruptcy. On this record, we identify no error, much less abuse of discretion, in the bankruptcy court's decision not to remove Katz.

3

Moreover, even were we to conclude that Katz acted improperly either by declining to furnish Haworth's tax returns and bank statements, see 11 U.S.C. § 704(a)(7), or by offering to sell Dieffenbach any claims to the putative undisclosed assets, see In re Greenberg, 266 B.R. 45, 48-51 (Bankr. E.D.N.Y. 2001) (discussing standard for allowing trustee to sell claims); cf. In re Commodore Int'l Ltd., 262 F.3d 96 (2d Cir. 2001) (involving standing of creditors to bring claims in name of bankruptcy debtors), we would perceive no "fraud and actual injury to the debtor interests" compelling Katz's removal as trustee, In re Freeport Italian Bakery, Inc., 340 F.2d at 54. Accordingly, we affirm the decision of the bankruptcy court.

2.     Request for Damages

Dieffenbach also submits that he is entitled to damages as "an individual injured by a[] willful violation of" the automatic stay. 11 U.S.C. § 362(k)(1). The automatic stay applies to any "action or proceeding against the debtor." Id. § 362(a)(1) (emphasis added). An "action or proceeding" includes "any pleading that asserts a claim on which relief is sought." Koolik v. Markowitz, 40 F.3d 567, 568 (2d Cir. 1994). "Thus, an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1)." Id. In determining whether an action is "against the debtor," we look to the debtor's status "at the time of the original proceeding," not to "which party is ahead at a particular stage in the litigation." Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986).

4

Dieffenbach contends that Haworth violated the automatic stay by (1) contesting Dieffenbach's post-petition motion to reopen a state court proceeding, which the debtor brought against Dieffenbach and which resulted in a pre-petition stipulated judgment of $30,000 for the debtor; and (2) collecting $10,000 of that judgment after filing for bankruptcy. We disagree. As the district court noted, Dieffenbach failed to file a counterclaim in the state court proceeding. Thus, we are directed to no "pleading" stating any claim against the debtor that could violate the automatic stay. Koolik v. Markowitz, 40 F.3d at 568. Dieffenbach's suggestion that a motion to reopen the state court judgment qualifies as an action "against the debtor" confuses which party might be ahead at a particular stage in the litigation with their status at the outset of the proceeding. See Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d at 65. Accordingly, we conclude that, even if Dieffenbach were injured by Haworth's appearance contesting his motion to reopen the state court proceeding, he is not entitled to damages for any violation of the automatic stay.

We have considered Dieffenbach's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By: _____

5