**Supreme Court**
No. 2015-299-Appeal.

Jeffrey Dieffenbach          :

v.          :

J. Brian Haworth et al.          :

**O R D E R**

This case came before the Supreme Court on May 4, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised herein should not be summarily decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

Family may be forever, but in-laws are not. On December 20, 1998, the plaintiff, Jeffery Dieffenbach (Dieffenbach), then a Connecticut resident, executed two promissory notes in favor of his then-wife's parents, the defendants, J. Brian Haworth and Jean Haworth (collectively, the Haworths). The first promissory note contained Dieffenbach's promise to pay Brian Haworth $15,000 with interest to accrue annually at a rate of 10 percent. The second promissory note was executed in favor of Jean Haworth in the amount of $6,000 at 10 percent interest per annum. Dieffenbach and the Haworths' daughter subsequently divorced, and the now former son-in-law defaulted on the promissory notes. The case at bar is the most recent litigation in a protracted dispute—spanning sixteen years, two states, and multiple levels of the federal-court system[1]—

---

[1] See In re Haworth, Bankr. No. 01-50184, C.A. 3:06 CV 403 (CFD), 2008 WL 4755851, at *1 & n.2 (D. Conn. Oct. 29, 2008), aff'd, 356 F. App'x 529 (2d Cir. 2009), cert. denied, Dieffenbach v. Haworth, 562 U.S. 947 (2010).

that stems from Dieffenbach's failure to satisfy his payment obligations on the two promissory notes. This order will discuss only the facts and travel that are relevant to this appeal.[2]

In 2000, when Dieffenbach failed to make any payments on the notes, the Haworths filed suit in the Connecticut courts to collect on the debt, plus accrued interest. On October 4, 2000, the parties stipulated to a judgment in which Dieffenbach agreed to pay the Haworths $30,000, unless, by November 30, 2000, he paid them "$21,000 with interest at 10 percent per annum from December 20, 1998 to the date of payment" (stipulated judgment). Dieffenbach failed to honor the stipulated judgment, but, on February 26, 2001, he paid $10,000 in partial satisfaction.

By 2003, Dieffenbach had relocated to Rhode Island. On March 31, 2003, in an effort to secure the remaining $20,000 pursuant to the Connecticut stipulated judgment, the Haworths filed an action in Newport County Superior Court against Dieffenbach. In 2004, the hearing justice entered judgment for the Haworths and against Dieffenbach in the amount of $20,000 plus interest and costs. The judgment remained unsatisfied. Six years later, on March 1, 2010, the Haworths filed a notice and motion for the issuance of a writ of attachment for Dieffenbach's wages with the Newport County Superior Court. On November 19, 2010, in a bench decision, the hearing justice granted the motion.

On December 7, 2010, after the Superior Court justice issued his bench decision but before an order was entered,[3] Dieffenbach filed a motion in the Connecticut trial court, seeking, inter alia, a protective order to bar enforcement of the stipulated judgment on the ground that it

---

[2] For a full recitation of the facts underlying this dispute, we refer readers to Haworth v. Dieffenbach, 38 A.3d 1203, 1205-07 (Conn. App. Ct. 2012) (Haworth I) and In re Haworth, 2008 WL 4755851, at *1.

[3] The order was entered on December 9, 2010. Dieffenbach timely appealed the decision to this Court but withdrew his appeal on July 3, 2012, in light of the Connecticut Appellate Court's decision in Haworth I.

was usurious as a matter of Connecticut law.  See Haworth v. Dieffenbach, 38 A.3d 1203, 1206-07 (Conn. App. Ct. 2012) (Haworth I).  In that action, he did not seek the return of the $10,000 he already had paid.  See id.  On February 28, 2012, the Connecticut Appellate Court declared that "the stipulated judgment is usurious as a matter of law and cannot stand," id. at 1209, and that "justice requires that the court grant a protective order to bar the enforcement of the illegal judgment against [Dieffenbach]," id. at 1210.

This brings us to this latest salvo.  Flushed with victory in Connecticut, on April 8, 2014, Dieffenbach filed a complaint against the Haworths in Second Division District Court in Newport.  He alleged that, because the Connecticut Appellate Court had declared the stipulated judgment to be usurious, he was entitled to a refund of the $10,000 payment that he made to the Haworths on February 26, 2001 in accordance with the stipulated judgment.  The District Court dismissed the complaint, and Dieffenbach appealed to the Superior Court in Newport County on July 8, 2014.  Both parties moved for summary judgment.  The trial justice denied Dieffenbach's motion and, applying Connecticut law,[4] granted summary judgment for the Haworths.  Judgment entered on July 7, 2015, and Dieffenbach timely appealed.

The doctrine of res judicata bars relief in this case, and its application precludes this Court from hearing the merits of this case on appeal.  See Town of Richmond v. Wawaloam Reservation, Inc., 850 A.2d 924, 932 (R.I. 2004) (invoking doctrine of res judicata where neither party argued for its application on appeal and the trial court decision rested on other grounds).  To avoid the waste of judicial resources and the potential for contradictory judgments, id., the

---

[4] In his bench decision, the trial justice cited Conn. Gen. Stat. § 37-4 (2013), which provides, in relevant part, that "[n]o person * * * shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept[,] or make any agreement to receive therefor interest at a rate greater than [12] per cent per annum."  He noted that "[t]here [is] no Connecticut case law giving the borrower the right to be reimbursed for payments made before the loan needed to be satisfied, relying on [Conn. Gen. Stat. §] 37-4."

doctrine of <u>res</u> <u>judicata</u> bars "the relitigation of <u>all</u> the issues that were <u>tried or might have been</u> <u>tried</u> in the original suit," <u>Plunkett v. State</u>, 869 A.2d 1185, 1188 (R.I. 2005) (quoting <u>Foster-</u> <u>Glocester Regional School Committee v. Board of Review</u>, 854 A.2d 1008, 1014 n.2 (R.I. 2004)). <u>Res</u> <u>judicata</u> applies in cases where "there exists identity of parties, identity of issues, and finality of judgment in an earlier action." <u>Id.</u> (quoting <u>Beirne v. Barone</u>, 529 A.2d 154, 157 (R.I. 1987)).

In the case at bar, despite already having paid $10,000 in partial satisfaction of the judgment, Dieffenbach did not demand its return when he sought a protective order from the Connecticut state courts to bar enforcement of the stipulated judgment or otherwise seek a refund in that state's courts. Dieffenbach could have litigated the issue of the refund at that time but failed to do so. In spite of having received a final judgment from the Connecticut Appellate Court, Dieffenbach brought yet another action against the Haworths in Rhode Island on an issue concerning the validity of the stipulated judgment that was litigated in <u>Haworth I</u>. Consequently, Dieffenbach was barred from bringing this claim, which should have been made in the Connecticut courts when he challenged the usurious nature of the stipulated judgment.

Entered as an Order of this Court this **26th** day of **May, 2016**.

By Order,


_____/s/_____
Clerk

- 4 -


**TITLE OF CASE:**   Jeffrey Dieffenbach v. J. Brian Haworth et al.

**CASE NO:**   No. 2015-299-Appeal.
(ND 14-266)

**COURT:**   Supreme Court

**DATE ORDER FILED:**   May 26, 2016

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   N/A – Court Order

**SOURCE OF APPEAL:**   Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Walter R. Stone

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Richard D'Addario, Esq.

For Defendant:   Kathleen M. Connell, Esq.