23-7932-cv
*Johnston v. Court-Appointed Receiver*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-five.

PRESENT:     DENNY CHIN,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*,

_____

JOHN JOHNSTON,

         *Objector-Appellant*,

EDWARD WILLMOTT,

         *Appellant*,

UNITED STATES SECURITIES & EXCHANGE COMMISSION,

         *Plaintiff*,

         v.                                                    23-7932-cv

COURT-APPOINTED RECEIVER; RECEIVER,

> *Receivers-Appellees*,

> v.

MARK NORDLICHT; DAVID LEVY; DANIEL
SMALL; URI LANDESMAN; JOSEPH MANN;
JOSEPH SANFILIPPO; JEFFREY SHULSE;
DEAN GRAYSON, as representative of the estate
of Uri Landesman; PLATINUM MANAGEMENT
(NY) LLC; PLATINUM CREDIT
MANAGEMENT, L.P.,

> *Defendants*,

SENIOR HEALTH INSURANCE
COMPANY OF PENNSYLVANIA,

> *Intervenor-Appellee*,

UNITED STATES ATTORNEY'S OFFICE FOR
THE EASTERN DISTRICT OF NEW YORK;
DAVID GICHTIN; ORA GICHTIN; STEPHEN
SUNDHEIMER;

> *Intervenors*.*

_____

| | |
|---|---|
| FOR OBJECTOR-APPELLANT AND APPELLANT: | CONSTANTINE D. POURAKIS, Stevens & Lee, P.C., New York, NY. |
| FOR RECEIVERS-APPELLEES: | ERIK B. WEINICK (Andrew S. Halpern, *on the brief*), Otterbourg P.C., New York, NY. |
| FOR INTERVENOR-APPELLEE: | R. CRAIG MARTIN, DLA Piper LLP (US), Wilmington, DE. |

_____

\* The Clerk is respectfully instructed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION**, the judgment of the District Court entered on November 2, 2023, is **AFFIRMED**.

Appellants John Johnston and Edward Willmott ("Appellants"), in their capacities as the joint provisional liquidators ("JPLs") of Omnia, Ltd. ("Omnia"), appeal from the District Court's order granting the motion filed by receiver-appellee Melanie L. Cyganowski ("Receiver") (1) permanently enjoining the JPLs and Omnia from asserting Omnia's rights and interests as the holder of a secured claim ("Claim 145") filed against numerous "Receivership Entities"; (2) confirming the Receiver's disallowance of Claim 145; and (3) authorizing the Receiver to consent to the release of an indemnity escrow fund.

The underlying civil enforcement action brought by the U.S. Securities and Exchange Commission ("SEC") in the District Court involves the distribution of the assets of two hedge funds, Platinum Partners Value Arbitrage Fund L.P. ("PPVA") and Platinum Partners Credit Opportunities Master Fund L.P. ("PPCO"), and numerous related entities. On December 19, 2016, the SEC filed a civil complaint accusing the managers of PPVA and PPCO – Platinum Management (NY) LLC ("Platinum Management") and Platinum Credit Management, L.P. ("Platinum Credit") and various individual insiders – of violating federal securities law. On the SEC's motion, the District Court placed a number of Platinum-related entities (collectively, the

3

"Receivership Entities") into receivership.[1]

On December 1, 2020, the District Court entered an order that required the Receiver to issue a report describing the Receiver's determinations as to each claim in the receivership (the "Claims Process Order"). One of those claims – Claim 145 – was filed by Beechwood Asset Management ("BAM") against PPCO. BAM filed Claim 145 as an agent of all parties that held a secured interest in a Note Purchase Agreement, including Omnia and intervenor-appellee Senior Health Insurance Company of Pennsylvania ("SHIP"). On March 9, 2021, in accordance with the Claims Process Order, the Receiver issued her report (the "Claims Analysis Report"), in which she reviewed Claim 145 and exercised her authority under the Claims Process Order to disallow that claim. *See* App'x at 287 ("The Receiver may finalize her determination of whether a Filed Claim is an 'Approved Claim.'"); *id.* at 316 (declining to allow the claim because it was "[d]uplicative of settled claims" and there was "[n]o liability for unsettled claims due to fraudulent conveyance"). BAM did not object to the Receiver's disallowance.

On March 18, 2022, the Receiver moved to (1) permanently enjoin the prosecution of Claim 145, (2) confirm its disallowance of Claim 145, and (3) confirm its authority to

[1] As of this writing, the entities in receivership are Platinum Credit Management, L.P., Platinum Partners Credit Opportunities Master Fund L.P., Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunity Fund (BL) LLC, Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P., Platinum Partners Liquid Opportunity Master Fund L.P., Platinum Partners Credit Opportunities Fund International Ltd., and Platinum Partners Credit Opportunities Fund International (A) Ltd.

release of funds held in escrow that would have otherwise satisfied Omnia's portion of Claim 145 (the "Receiver's motion"). On June 14, 2022, the JPLs filed a brief opposing the Receiver's motion. On June 24, 2022, the Receiver filed a reply in support of its motion. On November 2, 2023, the District Court entered an order granting all three requests made in the Receiver's motion.

On appeal, Appellants argue that: (1) the Receiver's motion violated the stay imposed by Chapter 15 of the Bankruptcy Code as a result of Omnia's bankruptcy and (2) the JPLs have the right to prosecute Omnia's secured claim under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## STANDARD OF REVIEW

"Because most receiverships involve multiple parties and complex transactions, the district court's power to supervise a receivership is extremely broad, and appellate scrutiny is narrow." *CCWB Asset Invs., LLC v. Milligan*, 112 F.4th 171, 178 (4th Cir. 2024) (citation and quotation marks omitted); *see also, e.g.*, *Commodity Futures Trading Comm'n v. Walsh*, 712 F.3d 735, 749 (2d Cir. 2013) (reviewing receivership distribution plan for abuse of discretion); *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 82-83 (2d Cir. 2002) (affirming approval of distribution plan as "within the equitable discretion of the District Court").

A lower court's application of the *Pioneer* standard for excusable neglect is also reviewed for abuse of discretion. *See In re Enron Corp.*, 419 F.3d 115, 125 (2d Cir.

5

2005) ("[T]he discretion of a bankruptcy court to allow or disallow late-filed claims is well-established, or to the instant case, in which the bankruptcy court explicitly rendered a decision on the matters before it. Accordingly, we proceed to review the bankruptcy court's decision for abuse of discretion."); *In re Oxford Health Plans, Inc.*, 383 F. App'x 43, 45 (2d Cir. 2010) (summary order) ("We review the district court's decision to allow or disallow a late-submitted claim for abuse of discretion.").

A district court has abused its discretion if it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Walsh*, 712 F.3d at 749-50 (citation and quotation marks omitted).

## DISCUSSION

### I. The District Court Did Not Violate the Automatic Stay.

Appellants first argue that the Receiver's motion – and the District Court's grant of that motion – violated an automatic stay imposed pursuant to 11 U.S.C. §1520 based on Omnia's filing for bankruptcy in a foreign jurisdiction.[2] *See* Appellants' Br. at 7-11. On

---

[2] The Bankruptcy Code instructs that "[u]pon recognition of a foreign proceeding that is a foreign main proceeding – sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States." 11 U.S.C. §1520(a)(1). Section 362 provides that the filing of a bankruptcy petition

> operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding ***against the debtor*** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case.

appeal, the Receiver does not contest that a stay was imposed; instead, she contends that it was of no effect because the "automatic stay provision does not apply to actions initiated by a debtor-plaintiff." Receiver's Br. at 49 (citation and quotation marks omitted).[3]

We agree with the Receiver. Here, Omnia, the debtor in the matter giving rise to the stay, chose to submit an affirmative claim in this action. When BAM, acting in its capacity as Omnia's agent, submitted Claim 145, it intentionally availed itself of the District Court's jurisdiction and sought relief from the District Court. In determining Claim 145, the Receiver merely responded to Omnia's affirmatively asserted claim. No party took any action against Omnia.

The plain language of the Bankruptcy Code stay provision applies only to an "action or proceeding ***against the debtor***." 11 U.S.C. §362(a)(1) (emphasis added). As such, "the automatic stay is applicable only to proceedings against the debtor." *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) (per curiam) (citation and quotation marks omitted). Appellants do not contend that this action, or any aspect of it, was brought *against* Omnia. Moreover, while Omnia is a debtor in the Bermuda proceedings, in this action, it is a

---

11 U.S.C. §362(a)(1) (emphasis added).

[3] The Receiver further asserts that her actions "did not violate the automatic stay because Omnia's agent, BAM, expressly submitted Claim 145 (including Omnia's portion of Claim 145) to the jurisdiction of the Receivership Court by submitting it for determination under the claims process," thereby waiving any right to assert the stay. Receiver's Br. at 47-48. We have previously held that a debtor may not waive the application of a stay under §362 as to claims raised against it. *See Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986) (per curiam) ("Since the purpose of the stay is to protect creditors as well as the debtor, the debtor may not waive the automatic stay."). But we need not reach this argument, because as discussed below, the stay does not preclude actions *by* Omnia, as opposed to *against* Omnia.

7

creditor.  Accordingly, the District Court did not violate the stay by granting the Receiver's motion.

**II.    Appellants Fail to Meet the Standard for Excusable Neglect.**

Next, Appellants contend that they "satisfied the excusable neglect factors" under *Pioneer*, thereby excusing their failure to submit a timely opposition to the Receiver's disallowance of Claim 145, and that "[t]he District Court's authorization of the Receiver's actions" therefore "must be reversed."  Appellants' Br. at 7.  In *Pioneer*, the Supreme Court approved the consideration of four factors by courts addressing claims of excusable neglect: (1) "the danger of prejudice to the debtor"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."  507 U.S. at 395.  None of these factors supports Appellants' claim of excusable neglect.

*First*, accepting Appellants' late filing would prejudice the debtor – here, the Receivership Entities – because it would allow Omnia to file a proof of claim over *four years* after the Claims Analysis Report was filed and the Receiver's disallowance of Claim 145 was made known.  Moreover, the claims process is now largely complete, with any remaining objections having been settled or currently awaiting settlement approval by the District Court.  Accordingly, there is a significant "danger of prejudice to the debtor." *Id.*

*Second*, for the reasons discussed above, reopening Claim 145 at this stage would materially delay the ultimate completion of the claims process and thus negatively impact the underlying judicial proceedings. *See id.*

8

*Third*, the reason for Omnia's delay was within Appellants' control because BAM, in its capacity as Omnia's agent, had notice that the Receiver sought to disallow Claim 145. Appellants argue that they should not be penalized for BAM's failure to object to the disallowance of Claim 145 because "[t]he JPLs and Omnia did not receive notice of the Claims Process Order." Appellants' Br. at 5-6. But it is well-established that "knowledge acquired by an agent acting within the scope of his agency is imputed to his principal and the latter is bound by such knowledge although the information is never actually communicated to it." *Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784 (1985) (citations omitted); *see also* Restatement (Second) of Agency §272 ("If an agent has reason to know or should know a particular fact, the principal is affected as if the circumstances were such that the principal would have reason to know or should know the fact."). Here, BAM filed Claim 145 within the scope of its authority pursuant to an "Agency Agreement" that covered the asset that Omnia claims as its secured interest. BAM did not object to the disallowance of Claim 145, and its knowledge of that disallowance is imputed to Omnia as principal. The reason for Omnia's delay in seeking to prosecute its claim was thus in Appellants' reasonable control. *See Pioneer*, 507 U.S. at 395.

*Fourth*, Appellants do not have a good-faith basis for the delay. Appellants contend such a basis exists because "neither the JPLs nor Omnia were aware of the Receiver's Claims Process, that BAM filed Claim No. 145, the Receiver's objection to and disallowance of Claim No. 145, and BAM's failure to oppose the Receiver's disallowance of the claim." Appellants' Br at 16. But as set forth above, BAM, as Omnia's agent, received notice of the claims process, and that knowledge is imputed to Omnia as principal.

9

Appellants do not assert any other good-faith basis for their delay, but even if they had, it would be unlikely to outweigh the interests of the other claimants or stakeholders in the receivership. *See In re RML, LLC*, 657 B.R. 709, 729 (Bankr. S.D.N.Y. 2023) (concluding that "the good-faith factor does not carry the day, as it is outweighed by the Court's conclusion that all other relevant factors weigh in favor of denying the [m]otions"). Accordingly, Appellants fail to satisfy the fourth factor.

In sum, Appellants failed to meet the applicable standard for excusable neglect, and, accordingly, the District Court did not abuse its discretion in granting the Receiver's motion. *See In re Enron Corp.*, 419 F.3d at 125.

*                    *                    *

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10